DOUGLAS *et al.,* trustees, *v.* BOARD OF EDUCATION OF JOHNSON COUNTY *et al.*

1. While mandamus is an appropriate remedy to enforce the performance by a public officer of any public duty which he neglects or refuses to perform, it is not available to compel the performance of an act which

Mandamus, 38 C. J. p. 593, n. 49; p. 594, n. 50; p. 598, n. 64; p. 600, n. 84, 86; p. 689, n. 97; p. 690, n. 1, 5; p. 730, n. 5; p. 731, n. 8; p. 732, n. 44; p. 733, n. 48.

Schools and School Districts, 35 Cyc. p. 970, n. 69, 70, 71.

such officer is not by law required to perform, but, to the contrary, is clothed with discretionary power which he may exercise in accordance with the best interests of the trust which he is authorized to administer.

2. The transportation of pupils from their homes to the public schools of this State is a matter which rests within the discretion of the county board of education according to the circumstances of each particular case where such transportation is desirable, and the exercise of this discretion will not be interfered with unless there is a manifest abuse of discretion.

3. Where it appears that a school district has received its just and equitable pro rata share of the public-school funds of the county, and that any additional sum allotted for the transportation of pupils for the district in question would result in a diminution of the just and fair pro rata share of other school districts in the county, the refusal of the county board of education to continue to transport the pupils of said school district to and from their homes, in the circumstances appearing in the present record, was not such an abuse of discretion with which the county board of education is clothed as to authorize the grant of a mandamus absolute; and the judge of the superior court properly sustained the demurrer and dismissed the petition.

4. To enforce performance of a ministerial act as contradistinguished from a duty which is merely discretionary, the obligation must be both peremptory and plainly defined; the law must not only authorize the act, but it must require the act to be done.

5. Under the provisions of the general school code of 1919 (Acts 1919, pp. 288, 327, § 93) the transportation of pupils and teachers to the public schools is a matter addressed entirely to the discretion of the several county boards of education of this State, having due regard to the facts and circumstances and the special needs and financial ability of the respective county boards of education.

No. 5536.    MAY 5, 1927.

Petition for mandamus. Before Judge Camp. Johnson superior court. June 19, 1926.

*C. S. Claxton* and *E. L. Stephens,* for plaintiffs.

*J. L. Kent* and *A. L. Hatcher,* for defendants.

RUSSELL, C. J. E. A. Douglas and others, as trustees of the Kite consolidated school district of Johnson County, and also as citizens and taxpayers, presented a petition for mandamus nisi against the board of education of Johnson County, upon which a rule nisi was issued by Judge Camp, of the Dublin Circuit. Upon a hearing the court refused to make the mandamus absolute, and exception is taken to that judgment. The petition alleged that the Kite consolidated school district included what, before said consolidation, was known as the Davis, Minton's Chapel, Tom, and a part of the Providence school districts, all of said Kite consolidated school district being in Johnson County, Georgia. It

is alleged that after the consolidation the board of education of Johnson County provided and paid for the transporation of all of the pupils to and from said consolidated school prior to the fall term of 1925 and the spring term of 1926, but that for the 1925-1926 term of said consolidated school the county board of education refused to provide or pay for any of the pupils of said school, although demand for such transportation had been duly made by the petitioners as trustees of said district as well as by citizens and taxpayers of Johnson County. It is further alleged that the Kite consolidated school district, by issuing $20,000 .of bonds, had erected in the Town of Kite a brick school building with sufficient capacity to accommodate all of the pupils of the territory embraced in the consolidated district, and that the wooden school buildings in the various districts now constituting the consolidated district have been abandoned and destroyed, leaving said brick building in Kite as the only schoolhouse and building suitable for use in the consolidated district; that in the consolidation it was contemplated that the board of education of Johnson County would continuously provide means of transportation for the pupils to and from said consolidated school; the citizens and school patrons expected and demand that the board of education furnish means of transportation for the pupils of said consolidated school. The Kite consolidated school district includes a large area of territory as shown by a plat attached to the petition, and a large number of pupils live 3, 4, 5, and 6 miles from the school building in the Town of Kite; and unless transportation is provided, they will be deprived of the privilege of attending school, deprived of the benefits .of an education, and the purpose of the consolidated school will be defeated. There is no other school operated in the district.

In the ninth paragraph of the petition it is alleged that during the six months free school beginning in the fall of 1925 and ending in the spring of 1926 there were transported by private funds, out of the Tom portion of the consolidated district, an average of 30 children within school age at an average distance of 3 miles, out of the former Davis school district an average of 50 children at an average distance of 5 miles, out of the former Minton's Chapel territory an average of 45 pupils of school age at an average distance from 6 to 7 miles, and out of the Providence territory an average of 35 children of school age at an average of five miles

distance; all of which transportation was furnished and paid for with private funds borrowed by the petitioners and for which the petitioners are individually responsible. It is alleged that the board of education of Johnson County is liable for, and is in law and equity bound to pay petitioners as trustees of the Kite consolidated school district, the aforesaid sums so expended by them in providing transportation as aforesaid; that the county board of education has authority to pay the same out of the funds coming into their hands for the public schools, and that it is their legal and equitable duty to do so, but nevertheless upon demand the county board of education has refused to refund this expenditure. It is alleged that the refusal of the county board of education to provide means of transportation of the pupils to and from the Kite consolidated school is capricious, arbitrary, and a gross abuse of their authority; and it is alleged that the board of education does not intend and will not provide transportation of the pupils at the next free term of said school, which includes the fall of 1926 and will end in the spring of 1927. The prayers of the petition are that the county board of education be required: (a) to pay $1680, the amount expended by the trustees of the Kite consolidated school district as individuals for the six months free term of 1925-1926; (b) to provide means for transportation of pupils to and from said consolidated school for the free term of 1926-1927; (c) to provide means of transportation at all times thereafter to and from said consolidated school during the free term thereof.

Since mandamus is an available remedy to enforce the performance by an officer of any public duty which he neglects or refuses to perform, and nevertheless is not available in compelling the performance of an act which such officer is not in law authorized to do, the decision in this case turns really on the validity of the allegations of the tenth paragraph, in which it is stated that the county board of education has the authority to pay for the transportation demanded out of the funds coming into their hands for the public schools of the county, and "that it is their legal and equitable duty to do so." The question was presented in the lower court by demurrer in which the defendants alleged: (1) That the allegations of the petition show no cause of action against the defendants, and there is no cause of action set out in said petition. (2) That the petition does not set out any matter

or thing done or the failure to do any act which would entitle the plaintiffs to the relief sought. (3) That the plaintiffs' action is in the nature of a "suit for money had and received, whereas the board of education is not a body corporate with authority to sue and be sued in the ordinary sense." (4) That the petition fails to allege that the account claimed was ever audited by the county superintendent of schools before application to the county board for payment. (5) That the sum claimed is largely for the year 1925, whereas the school year is coincident with the calendar year, and the board of education is prohibited from using the school funds for any year except for the payment of expenses for that year, and there is no allegation that the board of education has on hand sufficient money to pay the same or will have it as contemplated by law. (6) That the allegations of the petition fail to set out any legal or equitable reason why the court should force the defendants to transport pupils to and from the Kite consolidated school. (7) The allegations of the petition show that the plaintiffs receive their just and equitable proportion of the public-school funds of said county. (8) The petition fails to show any contract in writing between the Kite consolidated school and the board of education as to the transportation of pupils to and from said school, or any other contract or agreement touching the same of any nature. (9) The plaintiffs are asking for unlawful, illegal, and unreasonable relief such as the board of education would not be authorized to grant under the laws of Georgia. (10) The transportation of pupils is a purely discretionary matter in the power of the county board of education, and to interfere therewith would result in an unjust and inequitable distribution of the public-school funds of the county, and would illegally and unlawfully interfere with the administration of the schools of said county by the board of education; and to force the transportation of pupils to and from the Kite consolidated school by compulsory process of the court would be a distinct usurpation by the court of the discretion and judgment of the board of education vested in them by the school laws of this State. The defendants filed also nine special grounds of demurrer, which are immaterial in the decision of this case, since the court sustained the general demurrer and thereupon refused the mandamus absolute.

Section 5440 of the Civil Code of 1910 prescribes that "All

official duties should be faithfully fulfilled; and whenever, from any cause, a defect of legal justice would ensue from a failure or improper fulfillment, the writ of mandamus may issue to compel a due performance, if there be no other specific legal remedy for the legal rights." On the contrary, however, the rule is equally as well settled that mandamus is not available as a remedy to require an illegal act to be done by a public official, or to compel the performance of an act where no duty is imposed by law. Under the provisions of section 5441, mandamus is not confined to the enforcement of mere ministerial duties; but it will not lie to a public official who has an absolute discretion to act, or unless there is a gross abuse of such discretion. To enforce a ministerial duty, as contradistinguished from one which is merely discretionary, the obligation must be both peremptory and plainly defined; the law must not only authorize the act, but it must require the act to be done. United States *v.* Lamont, 155 U. S. 303 (15 Sup. Ct. 97, 39 L. ed. 160) ; *Allen* v. *Pool,* 131 *Ga.* 116, 119 (62 S. E. 31) ; *Adkins* v. *Bennett,* 138 *Ga.* 118 (74 S. E. 838) ; *Cassidy* v. *Wiley,* 141 *Ga.* 333 (80 S. E. 1046, 51 L. R. A. (N. S.) 128). Under the provisions of the general school code of 1919 (Acts 1919, pp. 288, 327, § 93), the transportation of pupils and teachers from the public schools of this State is a matter addressed entirely to the discretion of the several county boards of education of this State, having due regard to the facts and circumstances, the needs and financial ability of the respective county boards of education. The language used in section 93 is as follows: "Whenever the county board of education deems it for the best interest of the school, they shall have the right to provide means for the transportation of the pupils and teachers to and from said school." So we are of the opinion that the trial judge, upon the legal merit of the proposition, correctly sustained the demurrer to the petition for mandamus, thereby refusing to interfere with the discretion of the county board of education in the exercise of its administration of the county school funds of that county, by compelling them to expend from these funds the money necessary for such transportation.

Considering the whole case, it is our conclusion that under the provisions of the school law the transportation of pupils is a matter addressed to the discretion of the county board of educa-

tion, and such transportation will not be enforced by mandamus except in a clear case of abuse of the discretion. *Wood* v. *Board of Education,* 137 *Ga.* 808 (74 S. E. 540) ; *Adkins* v. *Bennett,* supra; *Daniels* v. *Commissioners,* 147 *Ga.* 295 (93 S. E. 887) ; *Richmond County* v. *Steed,* 150 *Ga.* 229 (103 S. E. 253) ; *McKenzie* v. *Board of Education,* 158 *Ga.* 892 (124 S. E. 721) ; *Hannah* v. *Lovelace-Young Lumber Co.,* 159 *Ga.* 856 (3) (127 S. E. 225). It is true that it ·is alleged in the petition that the refusal of the county board of education to pay for the past transportation of the pupils and furnish transportation as alleged is arbitrary and a gross abuse of their authority, but this must be treated as a mere conclusion of the pleader when the statement of facts as alleged is considered. The facts as set forth in the petition show nothing more than that the board of education had refused to pay for the transportation or to furnish the same. It is not alleged that the county board of education has ever agreed to pay for transportation, or that they have not given the Kite school district its full equitable proportion per capita from the .total school funds of Johnson County, or that there is any requirement of law devolving upon the county board of education the duty of transporting a single child of school age. In view of these facts, the terms capricious and arbitrary are without legal significance.

*Judgment affirmed. All the Justices concur.*