POOLE, administratrix, *v.* DUNCAN, chairman, etc.; *et vice versa.*

Nos. 15784, 15808.    APRIL 16, 1947.    REHEARING DENIED MAY 16, 1947.

*William G. McRae,* for plaintiff.

*Durwood T. Pye, Ralph H. Pharr,* and *W. S. Northcutt,* for defendant.

DUCKWORTH, Presiding Justice. (After stating the foregoing facts.) ■ The allegations of the petition as amended were sufficient to withstand the general demurrer, and the court did not err in overruling the same.

■ The writ of mandamus is available in a proper case for the enforcement of a private right and the faithful performance of official duties. Code, Title 64. To entitle one to mandamus a clear legal right to have the act performed must appear. *Adkins* v. *Bennett,* 138 *Ga.* 118 (1) (74 S. E. 838) ; *City of Atlanta* v. *Blackman Health Resort,* 153 *Ga.* 499 (113 S. E. 545). A petitioner for mandamus does not make out a prima facie case until

■

he proves a legal duty imposed on the defendant to do the thing he is asked to do and shows a pecuniary loss to the petitioner for which he can not be compensated in damages. *Atlantic Ice & Coal Corp.* v. *Decatur,* 154 *Ga.* 882 (2) (115 S. E. 912). Under the allegations of the petition here, the petitioner had not made a prima facie case until she had shown that her deceased husband was entitled to the salary sought. The act creating the office of Deputy Marshal of the Municipal Court of Atlanta (Ga. L. 1913, p. 145) fixed the term of that office at four years. See section 24 of the act. In the view we take of this case it is unnecessary to decide whether or not the deceased was removed in the manner prescribed by the act. The petitioner pleads that the deceased neither resigned nor abandoned the office. The Code, § 89-501, enumerates the ways in which an office shall be vacated, one of which ways being "by abandoning the office and ceasing to perform its duties, or either." The evidence introduced by the petitioner shows that the deceased ceased to perform the duties of the office on February 1, 1926. It also shows that he thereafter was constantly engaged in the performance of the duties of other positions of employment. The only testimony to show that the deceased did not acquiesce in the order of the judges and that he did not resign or abandon his office was the testimony of the petitioner that the deceased told her that he had lost his job, that he had been fired. This testimony, being purely hearsay, was without probative value and insufficient to prove anything. *Rimes* v. *Martin,* 197 *Ga.* 273, 280 (29 S. E. 2d, 49) ; *Peacon* v. *Peacon,* 197 *Ga.* 748, 752 (30 S. E. 2d, 640). Therefore the case stood at the time the nonsuit was granted wholly lacking in any evidence to establish this essential part of the case as pleaded. Accordingly, the court did not err in granting the nonsuit.

*Judgment affirmed on the main bill and cross-bill of exceptions. All the Justices concur.*