POOLE, administratrix, *v.* DOYAL, Chairman, etc.

JENKINS, Chief Justice. The administratrix of the estate of Charles F. Poole renewed her action seeking a mandamus to compel the Chairman of the Board of Commissioners of Roads and Revenues of Fulton County to issue warrants drawn upon the treasurer of said county for salary alleged to be due Poole as a former Deputy Marshal of the Municipal Court of Atlanta. See *Poole* v. *Duncan, 202 Ga.* 255 (42 S. E. 2d, 731). The petition alleged that the judges of said court dispensed with the services of said Charles F. Poole on January 31, 1926, and that he was thereafter prevented from performing the duties of the office of deputy marshal by virtue of the same order as set forth in the previous petition for mandamus, which was as follows: "Municipal Court of Atlanta. Pursuant to an order passed by the Board of Judges on December 31st, 1925, the services of the following men are dispensed with as of January 31, 1926." The order listed the names of four men including that of said Charles F. Poole, and was duly signed by all of the judges of said court. The petition further alleged that the above order was "illegal, null and void, and was ineffective insofar as to abolish the office held by the said Charles F. Poole, or to terminate his right to the salary of said office during the remainder of his term." Exception is to the order of the lower court sustaining a general demurrer to the petition. *Held:*

Since it is not contended that the Judges of the Municipal Court of Atlanta were without authority to terminate the employment of the deceased for causes set forth, and in the manner prescribed by the act of the legisla-

ture (Ga. L. 1913, p. 145, § 25), under which authority the office of deputy marshal was created, and since every presumption must be indulged in favor of the validity of the court's order (*Mitchell* v. *Arnall*, 203 *Ga.* 384, 47 S. E. 2d, 258), and particularly when construing the petition on demurrer most strongly against the pleader, and in the absence of any allegation to the contrary—the most reasonable construction with respect to the order complained of is that it was entered in accordance with the provisions and under authority of the above act. Accordingly, since the order is not void upon its face but, on the contrary, under the pleadings and the above construction, it appears upon its face to be perfectly legal and binding, such order may not, therefore, be attacked collaterally in the instant proceeding where the prayers of the petition are for mandamus only. See *Walden* v. *Smith,* 203 *Ga.* 207 (5) (45 S. E. 2d, 660); Code, § 110-708. It follows that the trial court properly dismissed the petition on general demurrer.

*Judgment affirmed. All the Justices concur.*

No. 16162. APRIL 16, 1948. REHEARING DENIED MAY 14, 1948.

*William G. McRae,* for plaintiff.

*Ralph H. Pharr, W. S. Northcutt,* and *Durwood T. Pye,* for defendant.