21433. ASPINWALL v. HARRIS *et al.*

ARGUED NOVEMBER 13, 1961—DECIDED JANUARY 4, 1962.

*Ronald F. Adams,* for plaintiff in error.

*Thomas, Howard & Moran,* contra.

GRICE, Justice. The issue here concerns the chairmanship of the Board of Commissioners of Roads and Revenues of Wayne County, Georgia. It arose when one member instituted a mandamus proceeding against three other members, seeking to compel them to recognize him as chairman of that board. His membership is not in issue. The trial court denied the relief sought.

Sine Aspinwall alleged in his petition that, at an organizational meeting of the board held on January 5, 1961, he was elected chairman, but at a meeting on July 11, 1961, he was removed as chairman. He claimed that his ouster was illegal for the following reasons: (1) the July 11th meeting was not held on a regular meeting day; (2) it was a special meeting without the proposal to remove him as chairman on the agenda; (3) the board was not notified that such proposal would be

made; (4) the motion to remove him and to elect another was void because movant was not recognized by the presiding chairman for that purpose; (5) the seconding of that motion was illegal for the same reason; (6) the motion failed to carry by a two-thirds vote; and (7) the public was excluded from this meeting.

The three defendant members filed a motion to dismiss the petition in the nature of a general demurrer and also filed an answer. They asserted: that the July meeting at which the ouster action was taken was a recessed one from the regular July meeting as to which all five members had notice and were present; that the motion to remove petitioner was made and carried despite petitioner's efforts to prevent it; that no law provides for a chairman of the board, and "only by custom has one member of said board been named and called 'Chairman' "; that no member or members of the board have any individual powers except by consent of a majority; and that the power of the majority to elect one as presiding officer and by custom to call him "chairman" is incident to the power to remove and vice versa, and that the majority can therefore change or retract such action at its pleasure.

The parties agreed that the facts which were in dispute were not controlling, and that the issues were of law.

Upon a hearing, the trial judge, without a jury, entered judgment in favor of the defendants, denying the relief sought by the plaintiff.

In assessing the merits of these diverse contentions, it is of decisive significance that the statutes providing for the Wayne County Board of Roads and Revenues (Ga. L. 1915, p. 421; 1919, p. 779; 1921, p. 585; 1923, p. 346) contain no provision for a chairman or presiding officer. The recently enacted statute (Ga. L. 1960, p. 2202), so providing, was not ratified by the referendum and did not become of force or effect.

Thus, the question for us here is: Does the petitioner have a clear legal right to the relief sought by mandamus?

The principle is firmly established that for mandamus "to enforce a ministerial duty, as contradistinguished from one which is merely discretionary, the obligation must be both peremptory

and plainly defined; the law must not only authorize the act, but it must require the act to be done." *Douglas v. Bd. of Educ. of Johnson County,* 164 Ga. 271, 276 (138 SE 226).

Equally established is the rule that "to entitle one to mandamus a *clear legal right* to have the act performed must appear." (Emphasis supplied.) *Poole v. Duncan,* 202 Ga. 255, 257 (42 SE2d 731).

The petitioner has no such right. The defendants are under no duty to continue to recognize him as chairman. Matters of administrative practicality and parliamentary convenience may require that one member of the board be selected to serve as chairman. By custom this body has followed that practice. But this was not pursuant to any mandate of law. Whoever is thus selected holds only at the pleasure of his fellow members.

Accordingly, it is not necessary to deal with the various grounds relied upon as void procedure. The trial judge properly denied the relief sought.

*Judgment affirmed. All the Justices concur.*