22419. GARY et al. v. OGLETREE.

ARGUED MARCH 9, 1964—DECIDED APRIL 9, 1964.

A. Delbert Bowen, Smith, Gardner, Kelley & Wiggins, for plaintiffs in error.

Stone & Stone, W. L. Stone, contra.

GRICE, Justice. The sustaining of an attack upon service of process in a quo warranto proceeding is for review.

The litigation began when Britt Gary and other relators, as citizens and taxpayers of Quitman County, presented to the Judge of the Superior Court of that county an application for leave to file an information in the nature of a quo warranto against Julian R. Ogletree, hereinafter referred to as "the respondent." The application recited that because of his conviction for violation of certain Internal Revenue laws and his subsequent sentence of confinement to the United States Prison at Tallahassee, Florida, the respondent was ineligible and disqualified for the office of Sheriff of Quitman County, and they, therefore, sought his ouster.

Leave to file the foregoing information was granted and a rule

nisi was issued to provide for a hearing nineteen days later. It was ordered that copies of the application, the information and the order be served upon the respondent, unless service was waived or acknowledged, at least ten days before such hearing, and that "the said service shall be perfected as provided by law."

Thereupon, the information, seeking ouster of the respondent by reason of such conviction and confinement, was filed. It recited that "Whereas respondent is now serving time in the U.S. Prison at Tallahassee, Florida, relators pray that the Court prescribe extraordinary service according to the exigencies of the case."

Subsequently, the sheriff of the adjoining county of Randolph made the following return: "I have this day served the respondent, Julian R. Ogletree with copies of the within application and accompanying information, together with a copy of the order of court, by leaving at residence and handing to Mrs. J. R. Ogletree. [Date.]"

Thereupon, the respondent filed a special appearance by plea in abatement and also traversed the foregoing entry of service upon the ground that such service was not sufficient since personal service was required.

The plea in abatement and traverse were sustained, the service vacated and the writ of quo warranto abated and quashed, thereby terminating the proceeding.

Assigned as error are (1) the failure of the trial court to prescribe any other method of service except that stated in the order, to wit, "as provided by law," and (2) the order sustaining the plea in abatement and traverse as to service and terminating the proceeding.

1. As we appraise them, these two assignments involve only one issue: was personal service, instead of residence service, required under the facts here?

In our view, it was.

Generally, service of process is made in accordance with *Code* § 81-202, as amended. That section provides that ". . . Leaving a copy at defendant's *residence* shall be a sufficient service." (Emphasis ours.) However, the General Assembly in re-enacting that section, with certain changes, as part of the

Rules of Procedure, Pleading and Practice in Civil Actions (Ga. L. 1946, pp. 761, 769), declared that such rules do not repeal "or affect the mode of any special statutory proceeding, such as . . . mandamus, quo warranto, prohibition . . . nor other special proceedings of like nature." Ga. L. 1946, pp. 761, 779. Therefore, *Code Ann.* § 81-202, supra, is not applicable to this quo warranto proceeding.

Our statutes relating to quo warranto do not prescribe any mode of service of process. The only provision that even mentions service is *Code* § 64-203, which provides that "The writ of quo warranto may be returned, heard, and determined by the judge of the superior court within 10 days from its service on the defendant, in all cases where there is no fact in dispute." However, since a quo warranto proceeding by its very nature seeks a judgment against the person of the respondent, we deem personal service to be required. This accords with the rule prevailing generally that "in an action purely in personam in which a personal judgment is sought, personal service of process on the defendant is required, and in any case, in the absence of a statute authorizing a substitutional method, service of process must be personal. Where service is prescribed and the mode thereof has not been specified, personal service is requisite." 42 AmJur 40, Process, § 49. See also, 72 CJS 1026, Process, § 26.

In view of the foregoing, it is not necessary to determine whether here there was "extraordinary process" which, by *Code* § 81-213, must be by personal service.

A different result does not obtain because in this case the party required to be so served is presently beyond the territorial limits of this State and hence cannot be served personally. We endorse what was said many years ago: "It may be unfortunate that the case of a man who absents himself from the State for a considerable time though retaining his legal residence here, was not provided for, but that is a matter for the legislature, not for the courts, to remedy." *Stallings v. Stallings,* 127 Ga. 464, 468 (56 SE 469, 9 LRA (NS) 593). While such statute cannot apply retroactively to the matter now before us, it is noteworthy that since this case reached this court, the General Assembly enacted H. B. No. 1100 "so as to provide for the method of serv-

ice of process in any quo warranto proceeding. . ." Ga. L. 1964, p. 766.

Personal service being necessary here, it was not error to sustain the respondent's plea in abatement and traverse the mode of service attempted.

2. The ruling made in Division 1 is controlling upon the assignment complaining that the trial judge erred in failing to provide any other mode of service than "as provided by law."

*Judgment affirmed. All the Justices concur.*