### 33342. HERRIN v. CALLAHAN et al.

JORDAN, Justice.

E. B. Herrin, a County Commissioner of Camden County, appeals the denial of a petition for mandamus seeking to compel the remaining four county commissioners to reinstate him as commission chairman.

In 1976, Herrin was elected for a two-year term as

---

one of five members of the Camden County Board of Commissioners. On January 4, 1977, at the first regular meeting of the board of commissioners, Herrin was elected temporary chairman for the purpose of organizing the board. When Herrin opened the meeting he was nominated and elected "permanent chairman for the term." Herrin served in this capacity until the meeting of the board of commissioners on October 4, 1977, when a motion was passed removing him from the position of chairman. Appellant filed a petition for mandamus against the other four members of the board requiring them to show cause why he should not be reinstated as chairman. Herrin's regular membership on the board of commissioners is not an issue in this controversy.

After a hearing, the trial judge entered a verdict for the defendants and denied Herrin's petition for mandamus.

Before a writ of mandamus will issue a petitioner must establish a clear legal right to the relief sought by mandamus. The principle is firmly established that for mandamus "[t]o enforce a ministerial duty as contradistinguished from one which is merely discretionary, the obligation must be both peremptory and plainly defined; the law must not only authorize the act, but it must require the act to be done." *Douglas v. Bd. of Ed. of Johnson County,* 164 Ga. 271, 276 (138 SE 226) (1927). Equally settled is the rule that "[t]o entitle one to mandamus a clear legal right to have the act performed must appear." *Poole v. Duncan,* 202 Ga. 255, 257 (42 SE2d 731) (1947).

These principles of mandamus controlled the decision in the similar case of *Aspinwall v. Harris,* 217 Ga. 485 (123 SE2d 652) (1962), where this court held that the defendant members of the Wayne County Board of Commissioners had no duty to recognize the petitioner as their chairman. Appellant attempts to distinguish this case by the fact that unlike the county provisions presented in *Aspinwall,* the Camden County Act explicitly provides for the election of a commission chairman and details specific duties which he must perform.

The law establishing the Camden County Board

states only that the board "shall *organize* by electing one of their number as Chairman, and . . . another . . . as Chairman Pro-Tem." Ga. L. 1941, pp. 800, 802. (Emphasis supplied.) It does not set out any rules of procedure for the removal of any officer so elected, nor does it set any terms of office. It merely provides for the selection for organizational purposes of a chairman and chairman pro-tem.

While appellant correctly notes that the Act mandates that the board elect one of its members chairman, this fact alone does not entitle him to the relief which he seeks because the Act does not require that the chairman be permanently elected for any set term. Consequently, the obligation of appellees to retain appellant as chairman was of a discretionary nature, and mandamus relief is not justified.

Appellees were under no legal duty to continue to recognize appellant as chairman, and the trial court did not err in denying appellant's petition for mandamus.

*Judgment affirmed. All the Justices concur.*

Submitted February 24, 1978 — Decided May 16, 1978.

*Harrison, Stein & Henderson, J. Grove Henderson,* for appellant.

*M. F. Martin, III,* for appellees.