36743. McDOWELL v. ROBERTS et al.

MARSHALL, Justice.

This appeal is from the order denying the appellant's petition for the writ of mandamus, which sought to require the appellee justice of the peace to issue an arrest warrant for two persons who had allegedly converted the appellant's property.

"The right to extraordinary aid of mandamus exists only where the applicant has a clear legal right to the relief sought and there is no other adequate remedy." *Ungar v. Mayor &c. of Savannah,* 224 Ga. 613 (1) (163 SE2d 814) (1968) and cits. "The principle is firmly established that for mandamus 'to enforce a ministerial duty, as contradistinguished from one which is merely discretionary, the obligation must be both peremptory and plainly defined; the law must not only authorize the act, but it must require the act to be done.'" *Aspinwall v. Harris,* 217 Ga. 485, 486 (123 SE2d 652) (1962) and cit. "Mandamus shall not lie to control the acts of a 'public officer who has an absolute discretion to act or not, unless there is a gross

abuse of such discretion . . .' Code § 64-102." *Bailey v. Dobbs,* 227 Ga. 838 (1) (183 SE2d 461) (1971).

The duty of a justice of the peace, in determining whether an affidavit for an arrest warrant shows probable cause, is discretionary. The affidavit in this case, though specified in the notice of appeal to be transmitted in the record, is not included in the record because it has been determined not to be on file in the trial court. The appellant has not complied with this court's order to file an enumeration of errors and brief, nor has the petitioner shown a clear legal right to the relief sought. For the above reasons, we cannot say that the denial of the petition for mandamus, on the ground of failure to state a claim, was error.

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 3, 1980 — DECIDED OCTOBER 29, 1980.

*Ronald McDowell, pro se.*

*Robert E. Keller, District Attorney, Arthur K. Bolton, Attorney General,* for appellees.