43796, 43799. HERNANDEZ et al. v. DOWNTOWN
DEVELOPMENT AUTHORITY OF THE CITY OF
ST. MARYS, GEORGIA (two cases).
(349 SE2d 449)

WELTNER, Justice.

The Downtown Development Authorities Law (Ga. L. 1981, p. 1744 et seq., Title 36, Chapter 42 OCGA), permits a city or town by resolution to designate a geographical area within a municipal corporation as "a downtown development area"; to activate a downtown development authority for the city or town; and to appoint seven directors to this authority. The terms of the initial directors are prescribed as follows: two directors for terms of two years each, two for terms of four years, and three for a term of six years. At the end of the initial terms, all terms for directors are six years. The municipal corporation, by implication, is given authority to appoint new directors to replace directors whose terms have expired.

On June 9, 1981, the mayor and city council of St. Marys, Georgia, activated a downtown development authority for that city, designated a geographical area within the city for downtown development, and appointed seven members to the authority's board of directors.

The mayor and city council fell into discord with the development authority, under circumstances which are not here relevant. On May 12, 1986, the city council undertook to remove all seven directors of the authority and to replace them with seven newly-appointed directors (which included three of those who had been ousted). The directors who were not reappointed sought a declaratory judgment on the theory that the city council lacked the power to remove them. The trial court granted the relief sought, and the mayor and city council appealed.

The Act here in question is silent as to whether a director may be removed, and, assuming removal is possible, just how it might be accomplished.[1] The city takes the position that because the Act is silent

---

[1] Because the matter is not before us, we express no opinion as to whether directors may be removed for cause, or under what procedures that might be done.

as to removal, it must be presumed that the directors who are appointed by the city serve at the city's pleasure. We do not agree. The fact that the legislation provides specified terms for the office of director is inconsistent with the idea of tenure at the pleasure of the city. *Hollowell v. Jove*, 247 Ga. 678, 681 (279 SE2d 430) (1981).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 28, 1986.

*Gerald E. Wilkerson, Stein & Cauthen, James E. Stein*, for appellants.

*Terry K. Floyd*, for appellee.

*Judgment affirmed. All the Justices concur.*