## S98A1476. ANDERSON v. FLAKE.
### (508 SE2d 650)

HUNSTEIN, Justice.

Appellee Carla Anderson brought a quo warranto proceeding challenging appellant Gail Flake's eligibility for the office of DeKalb Superior Court Judge in the Stone Mountain Judicial Circuit.[1] Anderson, a DeKalb County voter and taxpayer, alleges that Judge Flake is ineligible for the DeKalb County office because she does not fulfill the requirement that judges of the superior courts reside in the geographic district in which they are selected to serve. Art. VI, Sec. VII, Par. II (d) of the Georgia Constitution of 1983. In the first appearance of this case in our Court we reversed the grant of Judge Flake's motion to dismiss Anderson's quo warranto petition. *Anderson v. Flake*, 267 Ga. 498 (480 SE2d 10) (1997). Upon return of the case to the trial court, the parties proceeded to litigate the issue, with both sides filing numerous motions, including motions for summary judgment and judgment on the pleadings. However, notwithstanding the numerous motions filed, Anderson moved for entry of default judgment claiming that Judge Flake had not properly answered Anderson's petition. Judge Flake responded to the motion and took steps to open the default.[2] The trial court denied Anderson's motion concluding that this was a proper case for opening default "even if an Answer is legally required." In a subsequent order, the trial court granted Judge Flake's motion for summary judgment and declined to issue the writ of quo warranto, ruling that the evidence established that Judge Flake was a resident of DeKalb County and thus entitled to hold the office of a Superior Court Judge of the Stone Mountain Judicial Circuit. We affirm.

1. Anderson contends that an answer must be filed in a quo warranto proceeding. We address this contention, even though the holding of the trial court does not necessitate it, because the issue involving whether an answer is required in a quo warranto action is an important one to resolve as this case "demonstrates a confused state of the law" in this regard. *Walker v. Hamilton*, 209 Ga. 735, 737 (76 SE2d 12) (1953).

Generally, the provisions of the Civil Practice Act (CPA) apply

---

[1] Judge Flake was reelected in 1996.

[2] Judge Flake filed an answer in conjunction with her request to open default.

"to all special statutory proceedings except to the extent that specific rules of practice and procedure in conflict [t]herewith are expressly prescribed by law." OCGA § 9-11-81. An action seeking a writ of quo warranto filed pursuant to OCGA § 9-6-60 is one of the special statutory proceedings referenced in OCGA § 9-11-81. *Anderson v. Flake,* supra at 500 (1), n. 7. The statutes relating to quo warranto proceedings do not expressly provide that a respondent in the proceeding must file an answer under the provision of OCGA § 9-11-12, nor do they provide to the contrary. In the absence of an express provision in the quo warranto statute that conflicts with the CPA, the CPA applies.

Prior cases have held that quo warranto proceedings are governed by the rules of pleading applicable to civil cases:

> In this State there is no statute specifically prescribing the procedure in a quo warranto proceeding . . . . Where a [writ of quo warranto] is filed . . . it is considered a purely civil remedy, to be governed by the rules of pleading that are applicable in other civil actions. [Cits.]

*Milton v. Mitchell,* 139 Ga. 614, 616-617 (1) (77 SE 821) (1913). See *Anderson v. Flake,* supra at 500 (1) (quo warranto proceedings "are governed under the general rules applicable to all civil actions under the Civil Practice Act"). See also 65 AmJur2d 267-268, Quo Warranto, § 54 (1972) (since quo warranto is civil in nature, "it is, so far as possible and unless otherwise regulated by statute, conducted as other civil proceedings"); 74 CJS, Quo Warranto, § 36 (1951) (pleadings in quo warranto action are governed by rules applicable to pleadings in ordinary civil actions). Cf. *Vlass v. Security Pacific Nat. Bank,* 263 Ga. 296 (430 SE2d 732) (1993) (CPA does not apply to proceedings initiated by application that merely invoke a court's supervisory power).

"[S]ince a quo warranto proceeding by its very nature seeks a judgment against the person of the respondent," *Gary v. Ogletree,* 219 Ga. 791, 793 (136 SE2d 373) (1964), a petition for quo warranto is governed by the same general principles and rules of pleading enforced in other civil actions, including the requirements of OCGA § 9-11-12. Because the special statutory proceeding known as quo warranto does not prescribe special rules of practice or procedure with relation to the time of filing defensive pleadings, we hold that the CPA controls the question of whether responsive pleadings must be filed.

2. Anderson contends that she was entitled to a default judgment because Judge Flake failed to file a timely answer and thereafter failed to satisfy the conditions precedent for opening default.

OCGA § 9-11-55 (b). OCGA § 9-11-55 (b) allows a prejudgment default to be opened on one of three grounds if four conditions are met. Compliance with the four conditions is a condition precedent and once met the question of whether to open the default on one of the three grounds rests within the sound discretion of the trial court. *Stewart v. Turner*, 229 Ga. App. 119 (2) (493 SE2d 251) (1997). The trial court analyzed the factors to be considered in opening default and determined that Anderson would suffer no prejudice by allowing the default to be opened; that Flake timely remedied the default and paid costs; and that all remaining conditions set forth in OCGA § 9-11-55 (b) were adhered to. We perceive no error in the trial court's ruling that Judge Flake met the requirements to open the default. See *Muscogee Realty Dev. Corp. v. Jefferson Co.*, 252 Ga. 400 (314 SE2d 199) (1984).

3. Article VI, Sec. VII, Par. II (d) requires all judges to reside "in the geographical area in which they are selected to serve." Judge Flake's affidavit regarding her residency, affidavits from neighbors that Judge Flake lived at a residence in Stone Mountain, and various other forms of documentation established her residency in DeKalb County.[3] Because the plain, palpable and undisputed evidence presented by Judge Flake showed that Judge Flake had satisfied the residency requirements of the county in which she was elected to serve as a superior court judge, the trial court was authorized to grant her motion for summary judgment. See *Robinson v. Kroger Co.*, 268 Ga. 735, 748 (493 SE2d 403) (1997).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 9, 1998.

J. M. *Raffauf*, for appellant.
*Thurbert E. Baker*, Attorney General, *John C. Jones*, Senior Assistant Attorney General, for appellee.

---

[3] These documents included Judge Flake's voter registration and voter record, banking information, driver's license, homestead exemption on property in DeKalb County, and vehicle registrations.