S07A0641. CITY OF COLLEGE PARK v. WYATT et al.
(651 SE2d 686)

THOMPSON, Justice.

Plaintiff April Wyatt filed a verified petition for quo warranto and declaratory judgment, naming the city, mayor and city councilmen as defendants. The petition alleged that Wyatt was duly appointed to the board of the College Park Business and Industrial Development Authority ("CPBIDA") in 2005; that the only qualification for serving on the CPBIDA is that the member reside within the city limits of College Park for at least six months prior to appointment; that Wyatt met that requirement and that she continues to reside in College Park; that on August 7, 2006, the mayor and city council voted to remove Wyatt from the CPBIDA because she did not reside in Ward 2; that members of the CPBIDA are not required to live in any particular ward; and that the mayor and city council removed Wyatt without just cause and in violation of her right to notice, hearing, and due process. In addition to a writ of quo warranto, Wyatt sought a declaration that the mayor and city council exceeded their authority in removing her and that she should be reinstated as a member of the CPBIDA. Copies of the amendment authorizing creation of the CPBIDA (Ga. L. 1980, p. 2071 et seq.), the CPBIDA's bylaws, and the minutes of the meeting at which the city council voted to remove Wyatt were attached to and incorporated in the petition. Defendants answered, denying the material allegations of the petition. They also asserted several affirmative defenses, including failure to join indispensable parties, to wit: the CPBIDA and Valerie Dixon, Wyatt's successor. Thereafter, Wyatt moved to add the CPBIDA and Dixon as defendants and the motion was granted. In the meantime, the court scheduled a hearing upon Wyatt's petition for quo warranto. At the conclusion of that hearing, the court entered an order finding that the city did not have cause to remove Wyatt, and that, in any event, it did not give her notice and an opportunity to be heard. The court declared the acts of the mayor and the city council null and void and ordered that Wyatt be restored to her position as a member of the CPBIDA. The court further directed the CPBIDA to enact regulations providing for the removal of its members. This appeal followed.

1. Ga. L. 1980, p. 2071 et seq., sets forth the procedure to appoint members of the CPBIDA and provides that members are to be

appointed for a four-year term. It requires members to be residents of the City of College Park for six months prior to their appointment, but does not require them to be residents of a particular ward. In fact, it imposes no additional requirements upon members. The CPBIDA's bylaws are in sync with that amendment.

Neither the amendment nor the bylaws provide for removal of the CPBIDA's members without cause. Here, it is undisputed that the only reason given for the removal of Wyatt is that she is not a resident of Ward 2. Thus, it is clear that the City removed Wyatt without cause and that it lacked the power to do so. *Hernandez v. Downtown Dev. Auth.*, 256 Ga. 356 (349 SE2d 449) (1986). Simply put, Wyatt was appointed to serve a four-year term; she did not serve at the pleasure of the city and could not be removed at will. Id. at 357.

2. The city contends that we must reverse the judgment because it is not supported by legally admissible evidence. This contention is based on the fact that during the hearing on Wyatt's petition, the court entertained argument of counsel, but it did not seek or receive testimony, exhibits, or other evidence.

Although a jury trial is in order in a quo warranto proceeding to adjudicate issues of fact, OCGA § 9-6-65, a jury trial is not required where the only issue concerns a question of law. *Hornsby v. Campbell*, 267 Ga. 511, 515 (4) (480 SE2d 189) (1997); OCGA § 9-6-64 (a). Here, Wyatt submitted a verified petition and an affidavit in which she averred that she lived in College Park since 1978; that she was appointed to the CPBIDA on January 2, 2005 for a four-year term, ending in 2009; that she discharged her duties as a member of the CPBIDA; and that the city council voted to remove her before the expiration of her term because she did not live in Ward 2. It is clear from a reading of the transcript of the hearing that defendants did not take issue with these facts and that the only real point of contention concerned a question of law: whether the city was empowered to remove Wyatt. The answer to that question lies in the CPBIDA's enabling legislation and bylaws. It cannot be said, therefore, that the court erred in failing to conduct an evidentiary hearing.

Our decision in this matter is buttressed by the fact that, during the course of the hearing, the city did not at any point insist that it was entitled to present evidence, even though it was clear that the court intended to rule on the merits of the case. And, even if it can be said that the court should have taken evidence without the city insisting upon it, we can discern no harm because the city has not identified any facts that it would have introduced in evidence and that would have led the court to rule in its favor. See generally *Hall v. State*, 202 Ga. 619, 621 (44 SE2d 234) (1947) (if appellant did not intend to acquiesce in trial court's ruling he should have made proffer to enable appellate court to determine whether injury resulted).

3. The city also asserts Dixon was not personally served with process, see OCGA § 9-6-63, and that this quo warranto proceeding could not proceed without her. See *Gary v. Ogletree*, 219 Ga. 791, 793 (136 SE2d 373) (1964) ("quo warranto proceeding by its very nature seeks a judgment against the person of the respondent"). We cannot accept this assertion. The court's order is aimed at the city and declares its acts null and void. In this regard, the court was acting properly in view of the declaratory judgment aspects of this case. See *Hernandez v. Downtown Dev. Auth.*, supra. The court's order is not directed at Dixon and does not require her to do anything. Dixon has not appealed and the city has no legal right to complain on her behalf. *First Nat. Bank v. Yancey*, 207 Ga. 437 (62 SE2d 179) (1950).

4. The court ordered the CPBIDA to enact specific bylaws to establish a procedure to ensure that, if a member is to be removed for cause, the removal is proper and affords the member all due process rights. We agree that in so doing the court erred.

The amendment creating the CPBIDA provides that the CPBIDA "shall make rules and regulations for its own government." Ga. L. 1980, p. 2074. Thus, the CPBIDA is vested with discretion to determine what regulations it deems necessary to govern itself. See *Glustrom v. State*, 206 Ga. 734, 736 (58 SE2d 534) (1950); *Douglas v. Bd. of Ed.*, 164 Ga. 271 (138 SE 226) (1927).

A court can compel an agency to perform a public duty that it is bound to perform; but it cannot compel a discretionary act unless there is a gross abuse of discretion. *Persons v. Mashburn*, 211 Ga. 477, 480 (86 SE2d 319) (1955). Thus, it is up to the CPBIDA to determine whether it deems it necessary to enact regulations for the removal of its members, and a court cannot compel it to do so. *Douglas v. Bd. of Ed.*, supra. Of course, in the absence of such regulations, the CPBIDA may find it difficult and impractical to remove a member — even if it believes it has sufficient cause.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED OCTOBER 9, 2007.

*Fincher, Denmark & Williams, Steven M. Fincher, Winston A. Denmark*, for appellant.

*Deming, Parker, Hoffman, Green & Campbell, Stephanie K. Jones, Beverly R. Adams*, for appellees.