bail and return to his home, as he might meet with violence; that there would be great probability or danger of violence to the defendant at the hands of persons unknown on account of high feeling and inflamed public mind against him in Washington County; that before the defendant surrendered, one W. J. Yates came to the defendant's house looking for him and stated at the time that he was going to kill him; that the defendant will fear for his life and that of his family if he should be tried and acquitted in Washington County; that there exists against him the most intense hatred, prejudice, bitterness and malice; that this feeling is general and possessed by a large number of citizens, and that many false reports have been circulated that he has beat up and attempted to kill a policeman. No other evidence was offered in behalf of the defendant. The State introduced the affidavit of A. W. Smith, sheriff, who deposed that he had heard no threats or rumors nor seen any demonstrations concerning the defendant; that he was perfectly safe; that the only reason the deponent had advised against making bail was that the defendant would have more sympathy if he remained in jail. W. J. Yates deposed by affidavit that he was Chief of Police in Tennille; that he went to the defendant's home for the purpose of recovering the pistol and apprehending him; that he made no threat whatever against the defendant and did not say he was going to kill him; that he has seen and heard nothing to justify the conclusion that the defendant would be harmed by anyone, either during or after his trial. Ernest Joiner testified that he is a resident of Tennille engaged in the grocery business; that he has heard no threats against the defendant nor anything to indicate that there is any hatred, prejudice, bitterness or malice existing against him. The mayor and two other citizens deposed to the same effect. The trial court overruled the motion for change of venue, and to this judgment the defendant excepted.

33083. JONES *v.* RICH'S INC.

DECIDED JUNE 26, 1950.

844

*Grace W. Thomas, Lucile I. Milam, Durwood T. Pye,* for plaintiff.

*Parker & Parker,* for defendant.

GARDNER, J. "No suitor may prosecute two actions in the courts at the same time, for the same cause, and against the same party, and in such a case the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously; and the pendency of the former shall be a good defense to the latter, if commenced at different times." Code § 3-601. This section is to be considered and applied along with § 3-607, which provides that "A former recovery, or the pendency of a former suit for the same cause of action, between the same parties, in the same or any other court that has jurisdiction, shall be a good cause of abatement, but if the first action is so defective that no recovery can possibly be had, the pendency of a former suit shall not abate the action." Under the provisions of these sections, the suit brought by the plaintiff in Fulton Superior Court must be abated because of the pendency in the City Court of Decatur of the cross-action, if the causes of action are the same and by the same plaintiff against the same defendant, unless the city court wherein the case is pend-

ing has no jurisdiction of the issues presented by the cross-action therein or unless such action is so defective for any reason that no recovery can possibly be had on the same. The plaintiff brings her action in Fulton Superior Court without any dismissal prior thereto of the cross-action interposed by her to the suit in said city court. There are therefore two actions between Rosemary Lyons Jones and Rich's Inc. being simultaneously prosecuted in two different courts of this State. That the subject-matter of the two pending cases is the same cannot seriously be questioned. In each action, Rosemary Lyons Jones seeks to recover because of Rich's alleged wrongful refusal to continue her employment with it as radio director and its wrongful breach of the contract which she alleges she had with it, under which she was to be employed during her lifetime by Rich's as its radio director. She seeks damages in each action on the same grounds and each case involves the same items and elements of damage and injury claimed by her, which she sets out were caused by and resulted from and would result from Rich's wrongful termination of her contract of employment with it. Therefore, we have pending in different courts at the same time two alleged causes of action involving the same subject-matter and between the same parties. The plea in abatement filed in the Superior Court of Fulton County is well taken, under the provisions of the above statutes, unless it shall appear that the City Court of Decatur has no jurisdiction or that the "first action is so defective that no recovery can possibly be had." Clearly the plaintiff "may not prosecute two actions in the courts at the same time, for the same cause, and against the same party." The provisions of Code § 3-601 are mandatory and they are plain and unmistakable. The pendency of the first action "shall be a good defense to the latter." The case cited by the defendant in error in its brief goes into the origin and history of the rule pronounced in these Code sections, and is the leading authority in Georgia on this question: *Wilson* v. *Atlanta Knoxville &c. Ry. Co.*, 115 *Ga.* 171 (41 S. E. 699). The pendency of a prior action for the same cause of action between the same parties is good ground to abate the former. *Hamlin* v. *Jones*, 41 *Ga. App.* 91 (3) (151 S. E. 815); *Powell* v. *Powell*, 179 *Ga.* 817 (177 S. E. 566). Such second suit may be abated where both of the suits

are for the same cause of action and are between the same parties. *Bird* v. *Trapnell,* 148 *Ga.* 301 (96 S. E. 417); *Hines* v. *Moore,* 168 *Ga.* 451(8) (148 S. E. 162).

The plaintiff here like the plaintiff in *House* v. *Benton,* 42 *Ga. App.* 97 (155 S. E. 47), was the defendant in the former action and set up by way of cross-action in that case the damages sought later in a direct action in another court, the damages in each instance being the same items of injury and resulting from the same wrongful act. The two causes, the one set up in the cross-action and the one later embraced in a direct suit by the defendant in the cross-action against the plaintiff in that suit, are the same and the parties are the same, hence there was a plain violation of the principle of law of these Code sections.

This case does not present any case of the election of remedies. It is only when a person has conflicting and inconsistent remedies for the same wrong that election and prosecution of one to a favorable or adverse decision is a bar to the others. *Sparks & Hutson* v. *Fort,* 29 *Ga. App.* 531, 537 (116 S. E. 227); *Stokes* v. *Wright,* 20 *Ga. App.* 325 (2) (93 S. E. 27). We do not have that situation here. A person could have a right to sue on the contract or to sue in tort, for instance, growing out of the same wrongful act of another. In such a case, the election to prosecute the tort claim would absolutely bar the right thereafter to sue the defendant on the contract. For a treatment of this principle see *Board of Education of Glynn County* v. *Day,* 128 *Ga.* 156 (57 S. E. 359).

We have here the prosecution in different courts at the same time of two cases between the same parties involving the same subject-matter. Obviously the plaintiff should not be permitted to proceed with both cases. It is not a question of election of remedies, but a question of having filed and pending against the same defendant and at the same time the same cause of action in two courts. That the two causes of action involve the same subject-matter—that the same evidence would be necessary to sustain either of them—that an adjudication on the merits of one would conclude further action on the other (Code § 110-501)— admits of no argument. The contract, set up as the basis of the cause of action embraced in the cross-action pleaded as a setoff against Rich's Inc., in the suit against Rosemary Lyons

Jones and her husband in the City Court of Decatur, is the identical contract between the plaintiff and the defendant that is the basis of the suit filed in Fulton Superior Court. The plaintiff seeks the same elements and items of injury and damage in the superior court case as she does in the pending cross-action in said city court. The plaintiff does not seek by her petition equitable relief, but her action is simply one for damages alleged to have been occasioned as the direct result of the alleged breach of her contract of employment with Rich's Inc. It is true that she seeks to recover the value of this contract to her and the damages sought are predicated thereon and also certain expenses and costs which she would not have incurred but for this contract with said Rich's Inc., and its wrongful termination by the latter, and that she seeks to recover attorneys' fees and expenses of the litigation, basing her claim therefor on Rich's alleged bad faith in the transaction and its wrongful discharge of her from its employment, without any cause. The plaintiff also alleges that in breaching this contract of employment with her, Rich's Inc. injured her reputation as a radio director of commercial advertising programs. Her action is not one of slander, however. She merely sets out the various elements in which Rich's Inc. has and will inflict upon her as such radio director. This court is not adjudging, nor is it called upon so to do, whether or not all of the items set up by the plaintiff in her cross-action and in her petition in Fulton Superior Court are recoverable in an action on this contract. We simply rule that the two causes of action are the same, and that the plaintiff cannot maintain both of them, and that, in such circumstances, the defendant's plea in abatement, timely interposed, was properly sustained by the court in which the second suit was brought.

A dismissal by the plaintiff of her cross-action in the City Court of Decatur would not be permissible after the filing of the second suit in another court, and she could not thus avoid the plea in abatement filed to the second suit. It was a good plea. There was another suit pending. *Singer* v. *Scott*, 44 *Ga.* 659.

This is not a case where there was a mistaken remedy, which is never a bar to an appropriate one being sought by the plain-

tiff (See *Floyd* v. *Morgan*, 62 *Ga. App.* 711, 9 S. E. 2d, 717), but it is a very clear case of where the plaintiff is pursuing at the same time in different courts the same cause of action against the same defendant. The two causes of action are on all-fours and identical. The fact that the plaintiff's husband was a party defendant along with the plaintiff in the case in the City Court of Decatur on open account does not make the pending cross action in the City Court of Decatur one between parties different from those in the second suit brought by the plaintiff against the defendant, Rich's Inc., in Fulton Superior Court.

But it is urged by Rosemary Lyons Jones that where "the first action is so defective that no recovery can possibly be had," the plea in abatement is not good, and that in the case at bar the plaintiff was not entitled to set off the alleged cause of action for damages, which she claimed against Rich's Inc., in said City Court of Decatur, a court of law, without equitable jurisdiction, and that the plaintiff, Rich's Inc. in the city court case had demurred to her cross-action on such grounds. In *Wilson* v. *Atlanta Knoxville &c. R. Co.*, 115 *Ga.* 179, 180 (supra), the Supreme Court in dealing with the above proviso in Code § 5094 (§ 3-607), held: "It seems to follow incontrovertibly from what has been said that the only reasonable rule is, that save when—because of void process; failure to comply with statutory conditions precedent to bringing suit; instituting the action in a court having no jurisdiction of the subject-matter thereof; failure to give the suit a standing in court, by omitting to perfect legal service; or because of other like reasons, which the defendant is bound to know render it unnecessary to appear and plead,—the first suit is a wholly abortive effort, which the defendant is not legally called upon to resist at all, and therefore is really for the first time impleaded by the filing of another action which does render imperative his making a defense, the plea in abatement should be sustained." The action embraced in the cross-action pending in the City Court of Decatur does not on its face appear to be so abortive as to not require a defense thereto, and which, if evidence is adduced to sustain the allegations thereof and a verdict returned thereon in favor of the plaintiff, Rosemary Lyons Jones, against Rich's Inc., the verdict would be illegal and would not stand. In the *Wilson* case, supra, p. 182, the court said "We

think that an inevitable conclusion from the foregoing is, that the phrase 'if the first action is so defective that no recovery can possibly be had, the pendency of a former suit will not abate the action,' manifestly means that the first action must be so defective *upon its face* that a legal recovery cannot be had thereon." (Italics by the court.) The present case does not fall within the above category.

This was not a case where it appears on the face of the proceedings that the first action was instituted in a court that had no jurisdiction of the subject-matter, in which event the nonjurisdiction of the first court can be determined by the court in which the second suit was instituted, but it is a case where the City Court of Decatur had jurisdiction of the subject-matter and judgment rendered by it on the cross-action would not be void. The effect of the decision by the Superior Court of Fulton County sustaining the plea in abatement on the ground of the pendency of the case in the city court is an adjudication that such action in the City Court of Decatur is not void. *Atlanta, Knoxville &c. Ry. Co.* v. *Wilson,* 119 *Ga.* 781, 786 (47 S. E. 366).

There is nothing in such decisions as *Hawthorne* v. *Pope,* 51 *Ga. App.* 498 (180 S. E. 920); *Holston* v. *Vonberg,* 34 *Ga. App.* 298 (2) (129 S. E. 562); *Cantrell* v. *Davis,* 46 *Ga. App.* 710 (169 S. E. 39); s. c. 176 *Ga.* 745 (169 S. E. 38), and others cited by the plaintiff in error, to the contrary of our holding in the case sub judice. It does not appear on the face of the record in the case in the City Court of Decatur showing that a recovery on the cause of action embraced in Rosemary Lyons Jones' cross-action is legally impossible.

There is no merit in the contention that the judge trying the plea in abatement erred in not having the entire record in the case in the City Court of Decatur before him, that is, the demurrers, orders continuing the case and allowing time for pleading, etc. It appears from the stipulation that the court could call for such other portions of the record in the case as the court deemed necessary. Furthermore, whether the cause of action set up in the City Court of Decatur was not void was to be determined by what appears from the petition and cross-action in the city court case—on the face of the records—and not from what

the plaintiff in that court might contend appears from the cross-action, or the construction on these allegations put on it in that court.

It follows that the superior court properly sustained the plea in abatement in Fulton Superior Court and dismissed the case of the plaintiff, Rosemary Lyons Jones, brought against the defendant therein, Rich's Inc., on the ground of a former action pending in the City Court of Decatur.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*