S91A0802. HUMANA, INC. v. DAVIS et al.
(407 SE2d 725)

BELL, Justice.

This appeal stems from the trial court's denial of a motion for summary judgment filed by appellant, Humana, Inc. (Humana), in the wrongful death action brought by the appellees, Robert and Jean Davis. Humana sought and was granted an interlocutory appeal.[1] We now affirm the trial court's denial of Humana's motion for summary judgment.

The Davises sued numerous defendants, including Humana and Drs. Johnson and Kendall, for the alleged wrongful death of their daughter. The two doctors had treated the Davises' daughter at an outpatient health clinic owned by Humana. The Davises contended, inter alia, that the doctors were the apparent agents of Humana because Humana held the doctors out as its own, and that Humana thus was vicariously responsible for the alleged negligence of the doctors.

Subsequently, Drs. Johnson and Kendall filed a motion for summary judgment. They raised a statute of limitation defense and contended, based on their own affidavits, they had not been negligent in providing care to the Davises' daughter. The Davises opposed the motion, relying, inter alia, on the deposition of a Dr. Gonzales to rebut the affidavits of Drs. Johnson and Kendall regarding their negligence. Humana did not participate in this motion for summary judgment.

The trial court granted summary judgment to Drs. Johnson and Kendall on both grounds of their motion. On appeal the Court of Appeals affirmed, relying solely on the statute of limitation issue. Davis v. Johnson, 193 Ga. App. 19 (386 SE2d 900) (1989).

Thereafter, Humana moved for summary judgment on three grounds. First, Humana contended that the trial court's grant of summary judgment to the doctors had conclusively established the doctors were not negligent in treating the Davises' daughter, and that, as

---

[1] The Court of Appeals granted Humana's interlocutory application. However, the Court of Appeals deadlocked regarding the disposition of the appeal, and transferred the appeal here pursuant to Art. VI, Sec. V, Par. V of the 1983 Georgia Constitution, which provides that "[i]n the event of an equal division of the Judges [of the Court of Appeals] when sitting as a body, the case shall be immediately transmitted to the Supreme Court."

its liability was premised solely upon its responsibility for any negligence of Drs. Johnson and Kendall, res judicata barred the action against it. Second, Humana contended that, even if the doctors' non-negligence had not been conclusively established by the prior grant of summary judgment, the record established, without factual dispute, that the doctors had not been negligent. Third, Humana contended that, even if the doctors were negligent, it could not be held liable because the doctors were not the agents of Humana.

The Davises opposed the motion, and submitted the affidavit of a Dr. Bussey regarding the care of Drs. Johnson and Kendall.

The trial court denied Humana's motion for summary judgment, and the Court of Appeals granted Humana's application for interlocutory appeal. Humana raised the same three issues on appeal that it had raised in the trial court. The Court of Appeals became deadlocked regarding the disposition of the appeal, and transferred the appeal here.

1. We first address Humana's contention it is entitled to summary judgment under the doctrine of res judicata. Humana contends that the trial court's grant of summary judgment to Drs. Johnson and Kendall on the ground they were not negligent conclusively established the non-negligence of the doctors, and that, as the Davises' action against it is dependent on a finding that the doctors were negligent, the Davises' action is barred.[2] We conclude that the trial court's grant of summary judgment to the doctors did not conclusively establish the non-negligence of the doctors, and that res judicata is thus not a bar to the Davises' action against Humana.

For res judicata to bar the Davises' action against Humana, the negligence of the doctors must have been the subject of a final adjudication in the prior judgment. See *McCracken v. City of College Park*, 259 Ga. 490, 491 (384 SE2d 648) (1989). Moreover, when an appeal is taken, the ruling of the appellate court controls the res judicata effect of the judgment. 1B Moore's Federal Practice, § 0.416 [2] (2d ed. 1988); Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction, §§ 4421 and 4432 (1981); Restatement, Second, Judgments, § 27, Comment o (1982) (hereinafter Restatement). In this regard, if a trial court bases its judgment on alternative grounds, and an appellate court affirms the judgment on only one of the grounds, the ground omitted from decision is not considered to have been finally adjudicated and is not conclusively established for purposes of res judicata. See 1B Moore's, supra, § 0.416 [2]; Wright, Miller & Cooper, supra, §§ 4421 and 4432; Restatement, supra, § 27, Comment o; *Mar-*

---

[2] Humana does not argue that the statute of limitation ruling has any res judicata effect regarding the Davises' action against it.

*tin v. Henley*, 452 F2d 295, 300 (3) (9th Cir. 1971).

Here, the trial court made alternative determinations, and the Court of Appeals found the statute of limitation issue dispositive and thus did not address whether the doctors were entitled to summary judgment because they were not negligent. *Davis v. Johnson*, supra, 193 Ga. App. Accordingly, the latter issue was not finally adjudicated and is not conclusively determined for purposes of res judicata. 1B Moore's, supra, § 0.416 [2]; Wright, Miller & Cooper, supra, §§ 4421 and 4432; *Martin*, supra, 452 F2d; Restatement, supra, § 27, Comment o. Thus, res judicata does not bar the Davises' action against Humana.

2. Moreover, we find the trial court properly concluded that factual issues remain regarding the doctors' negligence and the agency relationship between Humana and the doctors.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 4, 1991.

*Fortson & White, Warren C. Fortson, Beth H. Paradies, Denise C. Leggett,* for appellant.

*Lanham & McGehee, William C. Lanham, Clark H. McGehee, Allen & Ballard, William L. Ballard, Love & Willingham, Hezekiah Sistrunk, Jr.,* for appellees.