A00A0674. GRANT v. FRANKLIN.
(534 SE2d 584)

SMITH, Presiding Judge.

Kimberly Grant appeals from the trial court's order granting summary judgment to Paul Franklin in this action filed by Grant against Franklin. Because we agree with the trial court that Grant's lawsuit is barred under the doctrine of res judicata, we affirm.

Kimberly Grant, Pamela Grant, and Khali Grant filed a personal injury action in Fulton County Superior Court in April 1997 against Franklin. In June 1997, Pamela Grant and Khali Grant dismissed the action without prejudice, but Kimberly Grant (hereinafter "Grant") was not a party to this dismissal. Her action against Franklin therefore remained pending in superior court. In July 1997, Grant filed an action against Franklin in Fulton County State Court alleging injuries arising out of the same transaction as that alleged in the superior court complaint. The parties do not dispute that she then dismissed the state court action with prejudice in August 1997. Franklin moved for summary judgment in the superior court action.

The trial court granted the motion and dismissed the superior court action, concluding that Grant's dismissal with prejudice of the state court action was an adjudication on the merits for res judicata purposes.

The trial court's ruling was correct. Georgia law is well settled that

> [f]or a prior action to bar a subsequent action under the doctrine of res judicata, several requirements must be met: The first action must have involved an adjudication by a court of competent jurisdiction, [cit.]; the two actions must have an identity of parties and subject matter, [cit.]; and the party against whom the doctrine of res judicata is raised must have had a full and fair opportunity to litigate the issues in the first action. [Cits.]

*Fowler v. Vineyard*, 261 Ga. 454, 455-456 (1) (405 SE2d 678) (1991). The parties do not dispute that Fulton County State Court was a court of competent jurisdiction. And a dismissal of a prior action with prejudice acts as an adjudication on the merits for res judicata purposes. Id. at 456 (2). Furthermore, the same parties and subject matter were involved in both the superior and state court actions, and as stated by the trial court, "the State Court provided a full and fair opportunity to litigate the issues, but the case was dismissed *with prejudice* prior to trial."

Grant cites *Jones v. Rich's, Inc.*, 81 Ga. App. 841 (60 SE2d 402) (1950) as authority for her argument that the superior court action was not barred by her dismissal with prejudice of the state court action. In *Jones*, this court stated the general rule:

> No suitor may prosecute two actions in the courts at the same time, for the same cause, and against the same party, and in such a case the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously; and the pendency of the former shall be a good defense to the latter, if commenced at different times.

(Citation and punctuation omitted.) Id. at 844. Relying on this language, Grant argues that the doctrine of res judicata bars an action only if that action has been filed subsequent to a judgment in a *prior* action between the same parties based on the same subject matter. Conversely, according to Grant, if a second action is filed before an adjudication is entered on the prior action between the same parties based on the same subject matter, the doctrine does not apply.

This argument is unavailing. In *Atlanta J's v. Houston Foods*, 237 Ga. App. 415 (514 SE2d 216) (1999) plaintiff filed an action in

superior court to recover amounts allegedly due under a lease. Id. at 416. While the superior court case was pending, plaintiff instituted a dispossessory proceeding, and the trial court eventually issued a writ of possession. Id. Defendants then moved for summary judgment in the superior court case on the basis of res judicata. This court reversed the trial court's denial of the motion, concluding:

> The doctrine of res judicata may be applied where actions between the same parties in relation to the same subject-matter are pending at the same time, and a judgment is rendered in one of such actions. It is immaterial whether the action in which the judgment is interposed as an estoppel was commenced before or after the action in which the adjudication was made. This rule is not affected by the failure to plead the pendency of the latter action.

(Citation and punctuation omitted.) Id. at 419 (5). Here, two separate actions based on the same subject matter between the same parties were pending, and a judgment was rendered in one of them. The trial court therefore correctly applied the doctrine of res judicata and granted summary judgment to Franklin. By bringing identical actions in separate courts, Grant "ran the risk that a judgment in one action would operate as a bar to the other action." Id. at 420.

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED JUNE 8, 2000.

*Yokely & Associates, Daryl V. Yokely, Tracy L. Parsons*, for appellant.

*Harper, Waldon & Craig, Janice M. Wallace*, for appellee.