A01A1248. STOVER et al. v. TIPTON et al.
(555 SE2d 151)

RUFFIN, Judge.

Wayne Kenneth Stover and L. C. Stover filed a petition in probate court against Roy G. Tipton and Martha L. Tipton, alleging that the Stovers had acquired a prescriptive easement over the Tiptons' property which the Tiptons subsequently obstructed. The Stovers asked the court to order the Tiptons to remove the obstructions. Although the probate court ruled in the Stovers' favor, in a de novo appeal, the superior court dismissed the Stovers' action based on res judicata. The Stovers appeal the superior court's dismissal, and for reasons that follow, we reverse.

The relevant facts are undisputed. Wayne Stover and L. C. Stover own parcels of real property neighboring land owned by the Tiptons. The Tiptons' property is to the south of the Stovers' parcels. The Stovers access their property over a small dirt road which intersects with a county road lying near the southern boundary of their parcels and the northern boundary of the Tiptons' property.

In the early 1990s, a dispute arose between L. C. Stover and the Tiptons concerning the boundary line between their respective parcels, and in 1993, Stover sued the Tiptons for trespass. In June 1998, at the jury trial on the boundary dispute, L. C. Stover presented evidence that the boundary line between his property and the Tiptons' property was on the south side of the county road, and the Tiptons presented evidence that the boundary line was to the north of the county road. The jury ultimately decided in favor of the Tiptons, and on June 15, 1998, the trial court entered judgment on the verdict.

A few months later, in October 1998, the Tiptons erected a fence and dug trenches on the northern boundary line of their property across the dirt road leading from the Stovers' parcels to the county road. The Stovers subsequently filed the instant petition to remove obstruction from private way in the probate court. The Tiptons responded to the petition, asserting, among other defenses, that it is barred by res judicata. Specifically, the Tiptons argue that "what the [Stovers] seek to do in a second lawsuit is to impress a prescriptive easement upon a tract of property which had already been the sub-

ject of a boundary line dispute in an earlier action." The superior court agreed with the Tiptons and dismissed the petition.

Under the doctrine of res judicata "[a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside."[1]

The Tiptons apparently contend that res judicata bars the instant action because the Stovers could have, but failed, to raise the issue of their alleged prescriptive easement in the prior action. We disagree.

It is well established that "a former judgment binds only as to the facts in issue and events existing at the time of such judgment, and does not prevent a re-examination even of the same questions between the same parties, if in the interval the material facts have so changed or such new events have occurred as to alter the legal rights or relations of the litigants."[2]

In this case, the Stovers allege that they established easement rights in the Tiptons' roadway by prescription. To obtain such easement, the Stovers must have "been in constant and uninterrupted use [of the dirt road] for seven or more years and no legal steps have been taken to abolish it."[3] Although Georgia law permits a landlocked owner to petition a court for an easement over adjacent land for ingress and egress to a public road,[4] our Code sections governing acquisition of a private way by prescription do not require a judicial decree for the easement to be effective.[5] Thus, at the time of the first action, the Stovers were not required to obtain a decree to validate their purported easement. And, although the prior boundary line action determined the owner of that portion of the servient estate containing the private way, there is no indication the Tiptons took any steps in that action to abolish the Stovers' use of the road.

Instead, the undisputed evidence shows that the Tiptons attempted to obstruct the road only *after* the boundary action had terminated. It was this conduct that gave rise to the Stovers' cause of action to have the obstruction removed and required them to prove

---

[1] OCGA § 9-12-40.

[2] (Citations and punctuation omitted.) *King v. Plummer*, 196 Ga. App. 711-712 (1) (397 SE2d 5) (1990).

[3] OCGA § 44-9-54.

[4] See OCGA § 44-9-40 (authority of superior court to grant private way upon filing of petition of declaration of necessity); see also 1 Hinkel, Pindar's Ga. Real Estate Law & Procedure (5th ed. 1998), § 8-20.

[5] See OCGA §§ 44-9-1 (methods of acquiring private ways); 44-9-54 (establishment of private way by prescription); see also Pindar, supra at §§ 8-9 through 8-12.

that they acquired a private way by prescription. In this regard, OCGA § 44-9-59 (a) provides in part that,

> [i]n the event the owner or owners of land over which a private way may pass or any other person obstructs, closes up, or otherwise renders the private way unfit for use, the party or parties injured by the obstructions or other interference may petition the judge of the probate court in the county where the private way has been in use to remove the obstructions.

In order for the Stovers to prevail on their petition, they will need to show not only that the Tiptons rendered the dirt road unfit for use, but also establish that they have used the road, constantly and uninterrupted, for seven or more years, that the roadway is the same width as originally appropriated and not more than twenty feet wide, and that they have kept it open and in repair during their period of use.[6] Again, we can discern no reason why, under the circumstances, the Stovers should have been required to raise this issue in the prior boundary dispute when the Tiptons had not taken any legal steps to abolish the alleged easement and erected physical obstructions only after the litigation terminated.

Accordingly, we conclude that the superior court erred in dismissing the de novo appeal based on res judicata. Importantly, however, we do not address or decide whether the Tiptons obstructed a private way or even whether the Stovers have a prescriptive private way. These issues must be decided by the superior court on remand.

*Judgment reversed. Johnson, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 9, 2001 —
RECONSIDERATION DENIED NOVEMBER 15, 2001 — 

*Doss & Doss, Oliver H. Doss, Jr.,* for appellants.
*David E. Ralston,* for appellees.

---

[6] See *Ga. Pacific Corp. v. Johns,* 204 Ga. App. 594 (420 SE2d 39) (1992).