A04A1832. AUTO-OWNERS INSURANCE COMPANY v. KARAN, INC. et al.
(612 SE2d 920)

BLACKBURN, Presiding Judge.

In this interlocutory appeal regarding the right to insurance coverage, Auto-Owners Insurance Company appeals the trial court's denial of its motion for summary judgment, contending that it has no duty to extend coverage to its insureds, Karan, Inc. and Divya, Inc. (collectively "Karan"), because Karan failed to notify Auto-Owners of a pending lawsuit as soon as practicable. We agree and reverse.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*[1]

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

1. The question to be answered in this appeal is: "Does any question of fact remain whether Karan notified its insurer, Auto-Owners Insurance Company, 'as soon as practicable' about a slip-and-fall lawsuit brought against it by Philip Richardson, despite the fact that Karan failed to notify Auto-Owners until a default judgment had been entered"? The principles of res judicata and the undisputed facts of record mandate that the answer to this question is "no."

Auto-Owners contends that the superior court erred by denying its motion for summary judgment, arguing that, as a matter of law, it had no duty to defend or provide coverage to Karan in an underlying slip-and-fall lawsuit, because: (1) it is undisputed that, in violation of the insurance policy, Karan wholly failed to notify Auto-Owners about the pending lawsuit brought against it by Philip Richardson prior to the entry of a default judgment; and (2) Karan's only justification for the delay in notification, namely that it had never been properly served with the complaint because service was given to a temporary employee, was previously rejected by the state court in a prior proceeding. Because Auto-Owners is correct as to both arguments, the superior court erred by denying Auto-Owners' motion for summary judgment.

The undisputed facts of record show that, on May 23, 2002, Richardson fell in a stairway at a Sleep Inn Motel owned and operated by Karan. On January 24, 2003, Richardson filed suit against Karan in state court, but Karan neither informed Auto-Owners of the suit nor took any measures on its own to answer Richardson's complaint. As a result, the suit went into default, and, on July 8, 2003, the state court entered a default judgment against Karan.

Karan later forwarded a copy of the default judgment to Auto-Owners, contending that it had not known about Richardson's suit because proper service had never been perfected. Specifically, Karan contended that the complaint was improperly served on one of its temporary employees. It is undisputed that this was the first time that Auto-Owners was made aware of the lawsuit by Karan. On September 6, 2003, Karan filed a motion to open default with the state court, specifically and explicitly "on the grounds of insufficiency of service of process," and Karan filed a brief in support of this motion arguing insufficiency of process exclusively.

In its order denying Karan's motion to open default, the state court directly ruled on Karan's contention that it had received improper service, stating: "IT IS HEREBY ORDERED that [Karan's] Motion to Open Default be, and hereby is, DENIED." See *Oden v. Legacy Ford-Mercury*;[2] *Carter v. Progressive Ins. Co.*[3] In each of these

---

[2] *Oden v. Legacy Ford-Mercury*, 222 Ga. App. 666 (476 SE2d 43) (1996).
[3] *Carter v. Progressive Ins. Co.*, 246 Ga. App. 562 (541 SE2d 418) (2000).

cited cases, this Court affirmed the trial court's denial of the defendant's motion to open default and concurred with the trial court's conclusion that the defaulting party had failed to establish that process was insufficient. Based on the state court's decision to cite these cases, it is clear that the state court determined that, contrary to Karan's claims otherwise, Karan failed to prove that it did not receive proper service of Richardson's suit. Karan did not appeal this finding in the prior case.

On August 25, 2003, Auto-Owners filed the present declaratory judgment action in superior court, requesting a finding that it was not required to provide coverage to Karan regarding Richardson's fall because Karan failed to notify it of the pending lawsuit as soon as practicable, which is an undisputed violation of the insurance policy. On December 10, 2003, Auto-Owners filed a motion for summary judgment, and, on January 13, 2004, Karan filed a brief in opposition to this motion, once again exclusively arguing that because it never received legal notice of Richardson's lawsuit, a question of fact remained whether Karan had failed to diligently notify Auto-Owners of Richardson's action as soon as practicable. No other justification was provided. Citing *Fremichael v. Doe*,[4] the superior court denied Auto-Owners' motion for summary judgment, finding that questions of fact remained regarding Karan's compliance with the policy's notice provisions.

*Fremichael* is wholly distinguishable from the present case. *Fremichael* contained no elements of res judicata or collateral estoppel, no issues regarding service, and no entry of a default judgment prior to notification of the insurance company. Accordingly, it has no relevance to the matter at hand.

Because Karan is bound by the state court's prior determination that Karan failed to prove improper service, Karan is collaterally estopped from arguing that it received improper service in any subsequent court proceeding. As such, Karan cannot now argue that service was insufficient as a ground that it was, in fact, diligent in waiting to notify Auto-Owners of the suit against it *after* default, and Karan is therefore left *without any viable excuse whatsoever* for not notifying Auto-Owners.

2. The dissent contends that the holding of this majority would yield "the absurd result of foreclosing any inquiry into whether the policy's notice requirement was [not] fulfilled through a mere showing that service was proper, which the majority now finds as a matter of law." This is incorrect. The issue here is whether the record

---

[4] *Fremichael v. Doe*, 221 Ga. App. 698 (472 SE2d 440) (1996).

supports any question of fact whether Karan notified Auto-Owners of the slip-and-fall lawsuit as soon as practicable. It is undisputed, that *without any viable excuse,* no notice of the lawsuit was given Auto-Owners until after default had been entered in the case. There is no question of fact that this failure does not constitute notice "as soon as practicable." That is the holding of this opinion.

The dissent further argues: "While Karan might be prohibited from arguing the sufficiency of the service as cause for its lack of notice to Auto-Owners, it would not be precluded from arguing that, despite a legally sufficient service upon its agent, its ensuing notice to its insurer was 'as soon as practicable.'" This contention overlooks the fact that Karan makes no other argument that its notice was "as soon as practicable." Therefore, no question of fact remains regarding Karan's diligence in notifying Auto-Owners, and the trial court erred by denying Auto-Owners' motion for summary judgment.

*Judgment reversed. Ruffin, C. J., Andrews, P. J., Mikell and Bernes, JJ., concur. Barnes and Adams, JJ., dissent.*

BARNES, Judge, dissenting.

Because I believe that the trial court properly denied summary judgment, finding that questions of fact remained regarding Karan's compliance with the policy's notice provision, I must respectfully dissent.

On or about May 23, 2002, Philip Richardson fell and was injured at a Sleep Inn Motel which is owned by Karan. Richardson notified Karan of his claim, and Karan, in turn, contacted Auto-Owners. Auto-Owners investigated the claim, and determined that "[Karan] in no way contributed to [Richardson's] injuries," and declined to consider any settlement offers. Richardson filed a personal injury suit against Karan, but Auto-Owners did not receive any communication regarding the action. A default judgment against Karan as to liability was entered in that case, which Karan forwarded to Auto-Owners. Subsequently, Auto-Owners, on behalf of Karan, filed a motion to set aside[5] the default, asserting that service was not proper. Karan maintained that its owners were out of town when the lawsuit was served, and that it believed the papers were served on a temporary employee who was helping out that day. The motion was denied,[6] and Auto-Owners thereafter filed this declaratory judgment action contending that, because Karan failed to promptly give notice of the lawsuit as required by the policy, it had no duty to provide coverage for Richardson's claim.

---

[5] Although the motion was termed a motion to set aside default, it was in actuality a motion to open default. See OCGA § 9-11-55 (b).

[6] The order denying the motion to open the default was not appealed.

In denying summary judgment, the trial court found that the sufficiency of compliance with an insurance policy's notice provisions and justification for noncompliance were questions of fact for the jury, and because there were genuine issues of material fact concerning those issues, summary judgment was not appropriate.

Auto-Owners argues that the issue of proper service was decided by the state court when it denied the motion to open default, and thus Karan is collaterally estopped from disputing the issue of service. It maintains that because there is no justification for the delay in notice to Auto-Owners, the trial court erred in denying its motion for summary judgment.

1. Initially, I must disagree with the majority finding that res judicata would apply in this case to bar Karan's dispute as to the sufficiency of its notice to Auto-Owners, and that Karan is collaterally estopped from disputing the issue of proper service. Under our law, neither doctrine applies in this case.

Res judicata would apply to prevent Karan from contesting the timeliness of its notice to Auto-Owners in the declaratory judgment action only if three requirements are met: "[t]he first action must have involved an adjudication by a court of competent jurisdiction; the two actions must have an identity of parties and subject matter; and the party against whom the doctrine of res judicata is raised must have had a full and fair opportunity to litigate the issues in the first action." (Citations omitted.) *Grant v. Franklin*, 244 Ga. App. 370, 371 (534 SE2d 584) (2000); see also OCGA § 9-12-40 ("A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.").

Here, it is clear that the causes of action and the parties were not identical, and there has been no decision on the merits of Karan's notice to Auto-Owners by a court of competent jurisdiction. Further,

> [i]t is well established that a former judgment binds only as to the facts in issue and events existing at the time of such judgment, and does not prevent a re-examination even of the same questions between the same parties, if in the interval the material facts have so changed or such new events have occurred as to alter the legal rights or relations of the litigants.

(Punctuation and footnote omitted.) *Stover v. Tipton*, 252 Ga. App. 427, 428 (555 SE2d 151) (2001). In *Stover*, a property owner's prescriptive easement claim was not barred by prior litigation involving boundaries, because the neighbor did not block access until after that

litigation ended. Here, there is no indication that any question about the sufficiency of Karan's notice to Auto-Owners existed at the time of the action to open the default judgment. It does not appear that Auto-Owners claimed that Karan failed to notify it "as soon as practicable" until after the motion to default action was over.

Finally, the doctrines of res judicata and collateral estoppel require a showing of a *final judgment* on the merits in a prior suit. However,

> a judgment is not final unless it disposes of the entire controversy, leaving nothing for the trial court to do in the case. The trial court's Default Judgment did not dispose of the entire controversy; it merely decided the issue of liability. And, rather than leaving nothing for the trial court to do, the Default Judgment directed that [the issue of damages would be decided later]. The interim Default Judgment was therefore not a final order.

(Punctuation and footnote omitted.) *Rapid Taxi Co. v. Broughton*, 244 Ga. App. 427, 428 (1) (535 SE2d 780) (2000).

Thus, Karan's action to open default judgment is not res judicata to Auto-Owners' declaratory judgment action, as the majority argues. Likewise, Karan is not collaterally estopped from disputing issues related to its notice to Auto-Owners.

2. Moreover, even if res judicata or collateral estoppel applied in this circumstance, these principles would not bar consideration of an issue that has not actually been decided.

> For example, although the entry of summary judgment due to the expiration of the statute of limitations is certainly an adjudication on the merits, it is not conclusive on the issue of negligence. *Humana, Inc. v. Davis*, 261 Ga. 514, 515 (407 SE2d 725) (1991). Likewise, even though a prior consent judgment between the parties also serves as an adjudication on the merits, it is not an actual determination of the issue of negligence. *Firestone Tire & Rubber Co. v. Pinyan*, 155 Ga. App. 343 (270 SE2d 883) (1980).

*Waldroup v. Greene County Hosp. Auth.*, 265 Ga. 864, 867 (2), n. 14 (463 SE2d 5) (1995).

The majority argues that Karan is "collaterally estopped from arguing that it received improper service in any subsequent court proceeding." Even if the principle of collateral estoppel would apply to preclude the re-litigation of the issue of proper service, it would not foreclose the trial court's determination that issues remained as to

the sufficiency of Karan's compliance with the notice provisions of the insurance policy and any justification for noncompliance.

The trial court evaluated only the adequacy of service, and not the adequacy or legitimacy of notice to Auto-Owners. While the two are somewhat related, they are separate and distinct. One issue concerns the sufficiency of service upon a corporation, and the other relates to an insured's contractual compliance with his policy's notice provision.

Initially, Karan maintained that the default should be opened because service of process was deficient in that the complaint was left with a temporary employee who was visiting from out of the country who represented herself as Mary Patel, and that service was not received by either of its principals, Jay and Mary Patel. The trial court considered the sheriff's entry of service showing service was made to Mary Patel and the affidavits from Karan that disputed that any service occurred. The order denying the motion to open default simply stated that: "IT IS HEREBY ORDERED that Defendants' Motion to Open Default be, and hereby is, DENIED. See *Oden v. Legacy Ford-Mercury*, 222 Ga. App. 666 [(476 SE2d 43)] (1996); *Carter v. Progressive Ins. Co.*, 246 Ga. App. 562 [(541 SE2d 418)] (2000)." In *Oden* we held that "in a case of the defendant's word against the deputy sheriff's the presumption favors the sheriff's return of service." (Punctuation omitted.) *Oden v. Legacy Ford-Mercury*, supra, 222 Ga. App. at 668 (1). Likewise, in *Carter*, we held that the presumption favors the sheriff's return of service. Inasmuch as "[t]he process server's return of service can only be set aside upon evidence which is not only clear and convincing, but the strongest of which the nature of the case will admit" (punctuation omitted), *Oden*, supra at 668, it appears that the state court only determined that Karan's evidence was not sufficiently clear and convincing and "the strongest of which the nature of the case will admit" to overcome the presumption favoring the sheriff's return. See OCGA § 9-11-4.

The only issue actually litigated in the prior action was the issue of a statutorily sufficient service, and moreover, the state court did not make any explicit factual determinations. It clearly made no ruling on when Karan received actual notice of the lawsuit. The majority opinion presumes that the state court, in finding that Karan did not carry its burden on disputing the return of service, also determined that Karan's duty to Auto-Owners under the policy was not fulfilled. That issue, however, was not before the state court. Moreover, the policy did not require that notice be given as soon as service was made.

The policy required that:

If a claim is made or "suit" is brought against any insured, you must:
(1) Immediately record the specifics of the claim or "suit" and the date received; and
(2) Notify us as soon as practicable.
You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

And, generally

[t]he time limitations in policies of insurance requiring a report of incident "as soon as practicable" are subject to a factual determination. The questions of the sufficiency of the excuse offered, and the diligence of the beneficiary in giving the notice after the removal of the disability, are generally questions of fact, to be determined by the jury, according to the nature and circumstances of each individual case.

(Citations and punctuation omitted.) *Norfolk & Dedham Mut. Fire Ins. Co. v. Cumbaa*, 128 Ga. App. 196, 198-199 (2) (196 SE2d 167) (1973).

Auto-Owners, as movant, had the burden of showing no genuine issue of material fact existed and that the undisputed facts, viewed in the light most favorable to Karan, entitled Auto-Owners to judgment as a matter of law. It is blatantly wrong to find that the burden was carried in this case where the only issue adjudicated was whether service was proper pursuant to the statutory requirements. No court has ever determined whether Karan's actions satisfied the policy's time limitation which required notice "as soon as practicable." To hold otherwise yields the absurd result of foreclosing any inquiry into whether the policy's notice requirement was fulfilled through a mere showing that service was proper, which the majority now finds as a matter of law.

While Karan might be prohibited from arguing the sufficiency of the service as cause for its lack of notice to Auto-Owners, it would not be precluded from arguing that, despite a legally sufficient service upon its agent, its ensuing notice to its insurer was "as soon as practicable." The denial of the motion to open default did not constitute conclusive proof against Karan that such was fact. It operated instead only as validation of service. The majority's holding otherwise, though commendable in its employment of judicial economy, goes too far.

Accordingly, I believe that the trial court properly denied Auto-Owners' motion for summary judgment, and would affirm the trial court's holding.

I am authorized to state that Judge Adams joins in this dissent.

DECIDED MARCH 31, 2005 —

*Glover, Blount & Millians, Michael W. Millians,* for appellant.
*Lee, Black, Hart & Rouse, Christopher L. Rouse, Ellis, Painter, Ratterree & Adams, Kimberly C. Harris,* for appellees.