S05G1259. KARAN, INC. et al. v. AUTO-OWNERS INSURANCE COMPANY.

(629 SE2d 260)

HINES, Justice.

This Court granted certiorari to the Court of Appeals in *Auto-Owners Ins. Co. v. Karan, Inc.*, 272 Ga. App. 620 (612 SE2d 920) (2005), to consider whether it erred in applying res judicata or collateral estoppel to bar inquiry into the question of whether the insureds' notice of a lawsuit to the insurer was timely. For the reasons which follow, we conclude that the Court of Appeals misapplied the principles of res judicata and collateral estoppel to preclude inquiry into the issue of the timeliness of notice.

The salient facts are set forth by the Court of Appeals. On May 23, 2002, Philip Richardson ("Richardson") fell at a motel owned and operated by Karan, Inc. and Divya, Inc. (collectively "Karan"). Richardson informed Karan of his claim, and Karan contacted its insurer, Auto-Owners Insurance Company ("Auto-Owners"). Auto-Owners declined to settle, and Richardson filed a personal injury action against Karan in state court on January 24, 2003. Auto-Owners did not receive notice of the suit, and Karan did not answer the complaint. Thereafter, on July 8, 2003, the state court entered a default judgment as to liability against Karan. Karan forwarded a copy of the default judgment to Auto-Owners, contending that it had not known about the suit because of improper service. Karan moved the state court to open the default on the ground of insufficiency of service of process. The motion was denied. Auto-Owners then filed a declaratory judgment action in superior court, seeking a declaration that it had no duty to defend or provide coverage to Karan in the underlying lawsuit because Karan violated the terms of the insurance policy by failing to notify it of the lawsuit "as soon as practicable." Auto-Owners moved for summary judgment in the declaratory judgment action. The superior court denied summary judgment to Auto-Owners, finding that there remained genuine issues of material fact regarding the sufficiency of Karan's compliance with the insurance policy's notice provisions and Karan's justification for non-compliance. The Court of Appeals reversed that ruling, concluding that Karan was bound by the state court's prior determination that Karan failed to prove improper service, and consequently, was collaterally estopped from arguing that it received improper service in any subsequent court proceeding, thereby, leaving Karan "without any viable excuse whatsoever for not notifying Auto-Owners."

The analysis and conclusion of the Court of Appeals are flawed. Neither res judicata nor collateral estoppel bars inquiry into the question of notice to the insurer under the circumstances in this case.

The doctrine of res judicata prevents the re-litigation of all claims which have already been adjudicated, or which could have been adjudicated, between identical parties or their privies in identical causes of action. Res judicata prevents a plaintiff from instituting a second complaint against a defendant on a claim that has already been brought, after having previously been adjudged not to be entitled to the recovery sought on that claim. Three prerequisites must be satisfied before res judicata applies — (1) identity of the cause of action, (2) identity of the parties or their privies, and (3) previous adjudication on the merits by a court of competent jurisdiction.

(Footnotes omitted.) *Waldroup v. Greene County Hosp. Auth.*, 265 Ga. 864, 865 (1) (463 SE2d 5) (1995). See OCGA § 9-12-40; see also *Humana v. Davis*, 261 Ga. 514, 515 (1) (407 SE2d 725) (1991). The related doctrine of collateral estoppel

precludes the re-adjudication of an issue that has previously been litigated and adjudicated on the merits in another action between the same parties or their privies. Like res judicata, collateral estoppel requires the identity of the parties or their privies in both actions. However, unlike res judicata, collateral estoppel does not require identity of the claim — so long as the issue was determined in the previous action and there is identity of the parties, that issue may not be re-litigated, even as part of a different claim. Furthermore, collateral estoppel only precludes those issues that actually were litigated and decided in the previous action, or that necessarily had to be decided in order for the previous judgment to have been rendered. Therefore, collateral estoppel does not necessarily bar an action merely because the judgment in the prior action was on the merits. Before collateral estoppel will bar consideration of an issue, that issue must actually have been decided.

(Footnotes omitted.) *Waldroup v. Greene County Hosp. Auth.* at 866 (2). These prerequisites for the application of res judicata and collateral estoppel were not met.

In regard to res judicata, pretermitting the question of whether Auto-Owners is Karan's privy in the state court lawsuit so as to have an identity of parties, there is certainly not an identity of causes of action in both cases. The first suit in state court is one for personal injury while the present action in superior court is one seeking a declaratory judgment about the availability of coverage under an

insurance contract. As to an adjudication on the merits by the state court, there was a determination on the issue of liability by virtue of the default. But such a determination of liability on the part of Karan does not address the question of adequate notice to Auto-Owners. And certainly there was an adverse decision by the state court on Karan's move to open the default, but that means merely that the state court determined that Karan did not present a meritorious case for opening the default because of insufficiency of service. Yet the Court of Appeals used this adverse determination to stop further inquiry into the question of the adequacy of notice to Auto-Owners.

The issue sought to be precluded must *actually have been litigated and decided in the first action* before collateral estoppel would bar it from being considered in the second action, or the issue *necessarily had to be decided in order for the previous judgment to have been rendered. Waldroup v. Greene County Hosp. Auth.* at 867 (2). Clearly, the issue of the timeliness of notice to Auto-Owners was not decided by the entry of the default on the question of Karan's liability in the personal injury action. Nor did the issue of timely notice necessarily have to be decided in order to enter the default, or thereafter, to deny opening of the default. The opening of a default is governed by the provisions of OCGA § 9-11-55 (b).[1]

> OCGA § 9-11-55 (b) allows a prejudgment default to be opened on one of three grounds if four conditions are met. Compliance with the four conditions is a condition precedent and once met the question of whether to open the default on one of the three grounds rests within the sound discretion of the trial court.

*Anderson v. Flake,* 270 Ga. 141, 143 (508 SE2d 650) (1998). Thus, the state court, in denying the motion to open default, could have concluded merely that Karan failed to comply with the conditions precedent for opening the default, some of which are procedural rather than substantive. See OCGA § 9-11-55 (b). For that matter, even if the refusal to open the default was premised on the state court's finding that Karan failed to prove the merits of its claim of

---

[1] OCGA § 9-11-55 (b) provides:
(b) Opening default. At any time before final judgment, the court, in its discretion, upon payment of costs, may allow the default to be opened for providential cause preventing the filing of required pleadings or for excusable neglect or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened, on terms to be fixed by the court. In order to allow the default to be thus opened, the showing shall be made under oath, shall set up a meritorious defense, shall offer to plead instanter, and shall announce ready to proceed with the trial.

insufficiency of service of process, this still would not equate to a ruling that Karan failed to provide Auto-Owners with notice in accordance with the insurance policy. As the dissent in the Court of Appeals aptly stated, at most the state court

> evaluated only the adequacy of service, and not the adequacy or legitimacy of notice to Auto-Owners. While the two are somewhat related, they are separate and distinct. One issue concerns the sufficiency of service upon a corporation, and the other relates to an insured's contractual compliance with his policy's notice provision. . . .

> While Karan might be prohibited from arguing the sufficiency of the service as cause for its lack of notice to Auto-Owners, it would not be precluded from arguing that, despite a legally sufficient service upon its agent, its ensuing notice to its insurer was "as soon as practicable."

*Auto-Owners Ins. Co. v. Karan, Inc.*, 272 Ga. App. at 626-627 (2) (Barnes, J., dissenting).

Accordingly, the Court of Appeals erred in holding that Karan was estopped from asserting compliance with the insurer's policy provisions regarding notice, and erred, on that basis, in reversing the denial of summary judgment to insurer Auto-Owners in the declaratory judgment action.

*Judgment reversed. All the Justices concur, except Sears, C. J., and Melton, J., who dissent.*

MELTON, Justice, dissenting.

Under the unique facts and posture of this case, I believe that the Court of Appeals correctly concluded that summary judgment should have been granted to Auto-Owners Insurance Company. Therefore, I respectfully dissent.

The facts of this case are straightforward. A default judgment was entered against Karan, Inc. in the State Court of Chatham County, and Karan subsequently moved to open default on the *sole* ground that it had never been properly served with the underlying lawsuit. Karan fully briefed this, its only argument, and provided the state court with affidavits to support its claim that service had never been received. The state court considered Karan's argument and supporting evidence, and, on October 2, 2003, it rejected Karan's sole ground for opening default, citing two cases, *Oden v. Legacy Ford-Mercury*, 222 Ga. App. 666 (476 SE2d 43) (1996), and *Carter v. Progressive Ins. Co.*, 246 Ga. App. 562 (541 SE2d 418) (2000). In each of these cases, the moving party's motion for default was denied on

the basis that the party had failed to prove its claim that it had not received proper service of the underlying lawsuit. Given that Karan had only one argument and the cases specifically cited by the state court dealt specifically with that one argument, it becomes clear that the state court did, in fact, determine that service on Karan had not been insufficient.

Although Karan's insurance policy with Auto-Owners insurance required Karan to notify Auto-Owners about the lawsuit "as soon as practicable," Karan failed to do so until some time after the default judgment had already been entered against it. As a result, Auto-Owners filed a declaratory judgment action in the Superior Court of Chatham County, requesting a finding that it owed Karan no coverage due to its failure to properly notify Auto-Owners. On December 10, 2003, Auto-Owners filed a motion for summary judgment, contending that no issues of fact remained whether Karan had properly notified it as required by the policy. In opposition, Karan raised as the *sole* reason why it had been justified in failing to notify Auto-Owners that it had never received service of the underlying lawsuit. In raising this argument once again, Karan simply repeated the contentions that it had previously made before the state court in the default proceedings. Karan attempted to overcome Auto-Owners' motion for summary judgment with the exact factual issue that had been adversely decided against it in the prior state court proceeding.

In a nutshell, Karan fully briefed and litigated the sole question of whether it received improper service in the state court, the state court entered an order rejecting Karan's sole contention, and Karan subsequently tried to resurrect the sole contention that had already been decided in the state court in subsequent superior court proceedings. The issue was litigated and decided, and, as a result, Karan was collaterally estopped from its attempt to relitigate the same issue. See, e.g., *Simmons v. State*, 276 Ga. 525, 527 (579 SE2d 735) (2003) (collateral estoppel prevents relitigation of issue litigated and adjudicated between same parties or privies).

The effect of this estoppel must next be considered in light of Auto-Owners' motion for summary judgment in the superior court. Auto-Owners contended that it was not required to extend coverage to Karan because it failed to notify Auto-Owners of the underlying suit until after a default judgment had already been entered in the underlying case. Karan's only justification for not notifying Auto-Owners was its argument that it never received service of the underlying lawsuit. This justification had already been rejected by the state court as a matter of fact and law, and Karan was estopped from raising it again in the superior court action. As a result, in response to Auto-Owners' motion for summary judgment, Karan had no excuse for its failure to notify Auto-Owners, and it cannot be

maintained that failing to notify an insurer about the filing of a lawsuit until after a default judgment is entered is notice given "as soon as practicable." Given this unique set of circumstances, summary judgment should have been granted to Auto-Owners.

The majority states that "even if the refusal to open default was premised on the state court's finding that Karan failed to prove the merits of its claim of insufficiency of service of process, this still would not equate to a ruling that Karan failed to provide Auto-Owners with notice in accordance with the insurance policy." Although I agree that these two decisions are different, I believe that the majority overlooks the necessary effect that the prior decision regarding the adequacy of service necessarily has on the subsequent decision regarding notice where, as in this case, both decisions are dependent on exactly the same question of fact. Here, the initial decision that service on Karan was not, in fact, improper mandates the rejection of the subsequent argument that late notice was justified due solely to improper service. At the time that it argued against Auto-Owners' motion for summary judgment, the only question of fact underlying Karan's defense had already been decided. As a result, Karan failed to present any question of fact at all to the superior court. The only evidence was that Karan failed to notify Auto-Owners as soon as practicable because it was not informed of the underlying suit until a default judgment had been entered. Since no question of fact remained that notice was not given "as soon as practicable," summary judgment should have been entered in favor of Auto-Owners.

I am authorized to state that Chief Justice Sears joins in this dissent.

DECIDED APRIL 25, 2006 —
RECONSIDERATION DENIED MAY 19, 2006.

*Ellis, Painter, Ratterree & Adams, Kimberly C. Harris, Lee, Black, Hart & Rouse, Christopher L. Rouse*, for appellants.
*Glover, Blount & Millians, Michael W. Millians*, for appellee.