**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and RAY , JJ.**

**NOTICE: Motions for reconsideration must be**
*physically received* **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**March 14, 2013**

# In the Court of Appeals of Georgia

A12A2373. NICE FINANCIAL SERVICES, INC. v. ALI et al.

MCFADDEN, Judge.

Nice Financial Services, Inc. brought this action against Sohail Ali, Aziz Hussain and Tara Road Properties, LLC. Nice Financial alleges that, when Sohail Ali and Aziz Hussain controlled the company's operation, they misdirected corporate assets to their own obligations and to Tara Road Properties. The trial court granted summary judgment, holding, inter alia, that the claims were barred by the settlement of two prior lawsuits. Because at least some of Nice Financial's claims are based on actions that occurred after the dismissal of the prior lawsuits, we reverse in part.

"On appeal from the grant of summary judgment this [c]ourt conducts a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the

nonmoving party, warrant judgment as a matter of law." (Citation omitted.) *Rose v. Household Fin. Corp.*, 316 Ga. App. 282 (728 SE2d 879) (2012). So viewed, the evidence shows that Nice Financial is a check cashing business, which has been involved in litigation since at least 2008.

The first prior action was filed on February 19, 2008 in Gwinnett Superior Court. Akbar Ali, Madatali Umani, Muradali Umani and Irfan Merchant sued appellee Sohail Ali, Nice Financial, and appellee Aziz Hussain, alleging various acts of misconduct. These parties entered a settlement agreement on November 9, 2010, and the plaintiffs dismissed the case with prejudice on March 17, 2011.

The second prior action was filed on September 4, 2008 in Gwinnett Superior Court. Arif Merchant brought that action against Nice Financial and appellee Sohail Ali. This case, too, was settled on November 9, 2010; and Arif Merchant dismissed it with prejudice on March 17, 2011.

After these two lawsuits settled, Akbar Ali, Madatali Umani, Muradali Umani and Irfan Merchant gained voting control of Nice Financial and removed appellee Sohail Ali as the manager of the day-to-day operations of Nice Financial. Four months after the dismissals of the other lawsuits, Nice Financial filed the instant

lawsuit in which it alleges various claims generally alleging misuse of the assets of Nice Financial.

The defendants moved for summary judgment and for "judicial cognizance" of the documents from the prior cases. The trial court granted both motions, and Nice Financial filed this appeal.

1. *Record on appeal.*

The appellees argue that Nice Financial's failure to include in the record on appeal the pleadings and depositions from the prior lawsuits bars this appeal. They rely on *Petkas v. Grizzard*, 252 Ga. 104, 108 (312 SE2d 107) (1984), where the Supreme Court held that "[b]ecause a ruling on the effect of the prior case may be raised on appeal, the record or portion thereof considered by the trial court should be designated to be included in the appeal if a party wishes to enumerate error on the ruling." But here, the trial court granted the appellees' unopposed motion to take judicial cognizance of the pleadings and depositions filed in the prior actions. The court further ordered that those filings be designated as part of the record in the current action. And in Nice Financial's notice of appeal, it instructed the superior court clerk "to *include* in the record on appeal all documents filed in this action and to *exclude* nothing." (Emphasis in original.)

It is not clear from the record, however, whether that designation was brought to the attention of the clerk of the trial court. This issue could have been avoided if the appellant had been more proactive in discharging its duty to perfect the appellate record. Particularly where, as here, the appellate record presents unusual problems, an appellant is wise to communicate directly with the clerk of the trial court and to examine the appellate record, or at least the index to the appellate record, in order to assure that everything needed to show error is included.

Regardless, *Petkas* is distinguishable and the appellate record here is sufficient. The appellees attached the two complaints and dismissals with the settlement agreement to their brief in support of their motion for summary judgment and judicial recognizance. They also filed an affidavit of appellee Sohail Ali verifying the authenticity of the documents. Those documents are part of the record before us, and we can therefore address the enumerations of error.

2. *Summary judgment.*

The trial court granted the defendants summary judgment, ruling, inter alia, that Nice Financial's complaint was barred by release and settlement. On appeal Nice Financial has substantially narrowed the issues by expressly abandoning all but four of its claims. And there is some evidence that some of those four claims are based on

conduct that occurred after the settlement of the earlier lawsuits. We therefore reverse in part.

Nice Financial has now abandoned any claims based on acts that occurred either before the March 17, 2011, dismissal of the two prior suits or after June 2011, when appellee Sohail Ali was removed as corporate director and officer and thus no longer controlled Nice Financial. It limits its appeal to four claims that it argues are based on acts that occurred between those dates. In other words, it limits its appeal to claims based on acts that occurred after March 17, 2011, and before June 2011.

"[A] former judgment binds only as to the facts in issue and events existing at the time of such judgment, and does not prevent a re-examination even of the same questions between the same parties, if in the interval the material facts have so changed or such new events have occurred as to alter the legal rights or relations of the litigants." (Citation and punctuation omitted.) *Stover v. Tipton*, 252 Ga. App. 427, 428 (555 SE2d 151) (2001). "Settlement is, in and of itself, generally construed to be a final disposition of any claim against a party to settlement by a party to the settlement arising out of the subject incident, unless remaining claims are specifically reserved by any of the parties." (Citations and emphasis omitted.) *City of Demorest v. Roberts & Dunahoo Props.*, 288 Ga. App. 708, 711 (1) (655 SE2d 617) (2007).

Given that the dismissals and the settlement agreement incorporated in these dismissals were entered on March 17, 2011, claims based on acts that occurred after that date were not actually litigated and are not barred. *Stover*, 252 Ga. App. at 428. We therefore examine Nice Financial's four claims to determine whether they are based on acts that occurred between March 17, 2011, and June 2011.

(a)　*Claim one: attorney's fees.*

Nice Financial argues that the trial court erred by dismissing its claim based on the appellees' use of Nice Financial's funds to pay personal legal fees for appellees Sohail Ali and Aziz Hussain. In its complaint, Nice Financial alleged that "[o]n behalf of himself and Defendant Hussain, Defendant Ali authorized the payment of approximately $122,441.40 in attorneys' fees [and] $6,687 in related expenses by [Nice Financial]." Although the settlement agreement addressed the issue of Nice Financial's attorney fees, it did not address the issue of the payment of the appellees' attorney fees. The trial court held that "[t]he alleged improper conduct complained of in the instant case predates the Settlement Agreement and the Dismissals." But the complaint does not specify when appellees Aziz Hussain and Sohail Ali allegedly authorized payment of their personal legal fees, and the appellees point to no evidence showing that all of the payments occurred prior to the settlement agreement

6

and dismissals. Thus, to the extent Nice Financial alleges that the appellees wrongfully used Nice Financial funds to pay their personal attorney fees between March 17, 2011, and June 2011, there exists a disputed issue of fact and the trial court erred in granting summary judgment.

(b) *Claim two: rent to Tara Road Properties, LLC.*

Nice Financial alleges that the appellees instructed Nice Financial to pay rent to Tara Road Properties LLC. The settlement agreement, however, clearly provided that Nice Financial and Tara Road Properties would enter an eight-year lease for 6380 Tara Boulevard; that Nice Financial would pay $5,000 per month rent for the property; and that Tara Road Properties and appellee Sohail Ali would not sell 6380 Tara Boulevard so long as Nice Financial remained a tenant in good standing. The settlement agreement bars Nice Financial's claim based on the appellees instructing it to pay rent to Tara Road Properties, and the trial court properly granted the appellees summary judgment on this claim. *City of Demorest*, 288 Ga. App. at 711-712 (1).

(c) *Claims three and four: mortgage payments for 7050 Tara Boulevard and 6380 Tara Boulevard .*

Nice Financial alleges that the appellees wrongfully directed it to pay sums to the mortgage companies for properties at 7050 Tara Boulevard and 6380 Tara Boulevard, even though Tara Road Properties owned those properties. In its complaint, it does not specify when the payments were made, and the appellees point to no evidence showing that these alleged payments occurred prior to the dismissal. To the extent these payments were made after March 17, 2011, and before June 2011, there exists a disputed issue of fact and the trial court erred in granting the appellees summary judgment because these payments were not contemplated in the earlier-entered settlement agreement and dismissals.

*Judgment affirmed in part and reversed in part. Miller, P. J., and Ray, J., concur.*